**IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                  )

JACK J. GRYNBERG, GRYNBERG        )
PRODUCTION CORPORATION (TX),      )
GRYNBERG PRODUCTION CORPORATION  )
(CO) and PRICASPIAN DEVELOPMENT   )
CORPORATION (TX),             )   Civil Action No.  1:08-cv-00301 JDB
                                  )

           Plaintiffs,      )

                                  )

      -and-              )   **Oral Argument Requested**
                                  )

BP P.L.C., a United Kingdom corporation d/b/a  )
BP CORP NORTH AMERICA INC., an Indiana   )
corporation, STATOILHYDRO ASA, a Norwegian )
corporation, BG GROUP P.L.C., a United     )
Kingdom corporation, BG NORTH AMERICA, a  )
Texas corporation, JOHN BROWNE, ANTHONY  )
HAYWARD, PETER SUTHERLAND, HELGE    )
LUND, EIVIND REITEN, ROBERT WILSON,    )
and FRANK CHAPMAN, individuals,       )
                                  )

          Defendants.     )
                                  )
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**DEFENDANT HELGE LUND'S MOTION FOR DISMISSAL
OF THE COMPLAINT PURSUANT TO FEDERAL RULE 12(b)**

Defendant Helge Lund respectfully moves this Court to dismiss in its entirety the

Complaint in this action, dated February 21, 2008.  The grounds of improper service of

process and lack of personal jurisdiction, pursuant to Rule 12(b)(2) and 12(b)(5) of the

Fed. R. Civ. P., respectively, are set forth in the Affidavit of Paul R. Owen, sworn to

April 9, 2008, with related exhibits, and the accompanying Memorandum of Law in

Support of the Motion of Helge Lund for Dismissal of the Complaint Pursuant to Federal

Rule 12(b), dated April 15, 2008.

      WHEREFORE, defendant Helge Lund prays that the Complaint against him be

dismissed in its entirety, and for other or further relief as this Court deems just and

proper.

Dated: New York, New York
       April 15, 2008

                                  Respectfully submitted,

                                  Paul T. Weinstein, D.C. Bar No. NY0093

                                  Kenneth M. Bialo, *pro hac vice*
                                  Matthew K. McCoy, *pro hac vice*

                                  EMMET, MARVIN & MARTIN, LLP
                                  120 Broadway
                                  New York, New York  10271
                                  (212) 238-3000

                                  Attorneys for Defendant Helge Lund

IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                              )
JACK J. GRYNBERG, GRYNBERG                     )
PRODUCTION CORPORATION (TX),                   )
GRYNBERG PRODUCTION CORPORATION                )
(CO) and PRICASPIAN DEVELOPMENT                )
CORPORATION (TX),                              )     08 Civ. 301 (JDB)
                                              )
                    Plaintiffs,                )
                                              )
          -and-                                )
                                              )
BP P.L.C., a United Kingdom corporation d/b/a  )
BP CORP NORTH AMERICA INC., an Indiana         )
corporation, STATOILHYDRO ASA, a Norwegian     )
corporation, BG GROUP P.L.C., a United         )
Kingdom corporation, BG NORTH AMERICA, a       )
Texas corporation, JOHN BROWNE, ANTHONY        )
HAYWARD, PETER SUTHERLAND, HELGE               )
LUND, EIVIND REITEN, ROBERT WILSON,            )
and FRANK CHAPMAN, individuals,                )
                                              )
                    Defendants.                )
                                              )
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x
```

## AFFIDAVIT OF PAUL R. OWEN

STATE OF TEXAS   )
        ) ss.:
COUNTY OF HARRIS  )

PAUL R. OWEN, being duly sworn, deposes and says:

1.  I am Senior Legal Counsel of StatoilHydro-Gulf of Mexico, LLC

("StatoilHydro GOM").  I make this affidavit to report facts relevant to the Motion to

Dismiss of Helge Lund in the above-captioned matter. I am competent to make this affidavit, and have personal knowledge of all facts stated herein.

2.    On March 26, 2008, a Summons in a Civil Case, dated February 26, 2008, along with a Verified Complaint and Jury Demand with exhibits, dated February 21, 2008, were left with a receptionist at the StatoilHydro GOM's offices located at 2103 City West Boulevard, Houston, Texas 77042. The Complaint and the other documents are the same as shown in the Court's electronic files.

3.    The Summons (annexed hereto as Exhibit 1) is addressed to:

> Helge Lund
> 15995 North Barkers Landing
> Houston, Texas 77079

4.    Mr. Lund does not work at that location, or in my office, or live or work anywhere in the United States, and did not do so at the time the papers were left. Nor was Mr. Lund present anywhere in the United States on March 26.

5.    The process server did not ask whether the receptionist is authorized to accept legal papers on behalf of Mr. Lund, but I can state affirmatively that neither the receptionist nor anyone else at my office has ever been authorized to do so. To my knowledge, no person in the United States has been so authorized.

6.    By letter dated April 3, 2008, I advised counsel for plaintiffs, who was identified in the Summons as Kelly Pride Hebron, that Mr. Lund does not live or work in the United States, and that neither the receptionist nor anyone else at my office has ever been authorized to accept legal papers on behalf of Mr. Lund, and I returned the papers to counsel for plaintiffs. A copy of my letter without the enclosures is annexed hereto as Exhibit 2.

7.  StatoilHydro GOM is a wholly-owned subsidiary of StatoilHydro North

America, Inc., a Delaware corporation, which is a wholly-owned subsidiary of

StatoilHydro ASA, a company organized under the laws of the Kingdom of Norway and

headquartered in Stavanger, Norway.

_____
PAUL R. OWEN

Sworn to before me this
9th day of April, 2008



_____
Notary Public

Dated: April 9, 2008

MICHELLE PATRICE KENNEDY
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES
NOV. 4, 2010

- 3 -

**EXHIBIT 1**

**to the Affidavit of
Paul R. Owen,
sworn to April 9, 2008**

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

Jack J. Grynberg et. al.

Delivered 3-26-08

_Eleven Stewart_
Process Server

SUMMONS IN A CIVIL CASE

V.

BP P.L.C. et. al.

CASE NUMBER:    1:08-cv-00301    JDB

Answer due
4/15/08

TO: (Name and address of Defendant)

Helge Lund
15995 North Barkers Landing Road
Houston, TX 77079

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Kelly Pride Hebron
PRIDE LAW OFFICE LLC
1400 Mercantile Lane, Suite 208
Largo, MD 20774

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

NANCY M. MAYER-WHITTINGTON

FEB 2 6 2008

CLERK  _Laura Chepley_

DATE

(By) DEPUTY CLERK

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |

| | |
|---|---|
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

G    Served personally upon the defendant. Place where served:

_____

G    Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

     Name of person with whom the summons and complaint were left: _____

G    Returned unexecuted: _____

_____

_____

G    Other (specify): _____

_____

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

      I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____

                       Date                    *Signature of Server*

                                      _____

                                        *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

**EXHIBIT 2**

**to the Affidavit of
Paul R. Owen,
sworn to April 9, 2008**

# StatoilHydro

Paul R. Owen
Senior Legal Counsel
713.579.9908 (direct)
713.918.8290 (fax)

April 3, 2008

**VIA FEDERAL EXPRESS**

Kelly Pride Hebron, Esq.
PRIDE LAW OFFICE LLC
1400 Mercantile Lane, Suite 208
Largo, MD 20774

Re:  *Jack J. Grynberg, et al. v. BP P.L.C., et al.*
     1:08-cv-00301 JDB (D.D.C.)

Dear Ms. Hebron:

A process server left a summons and complaint in the above-referenced matter with our receptionist on March 26, 2008. The documents show your name as plaintiffs' attorney. The papers are apparently addressed to, and intended for, Mr. Helge Lund, purportedly of 15995 North Barkers Landing Road, Houston, Texas 77079.

Please be advised that Mr. Lund does not live or work in the United States, and neither the receptionist nor anyone else at this office has ever been authorized to accept legal papers on behalf of Mr. Lund.

Accordingly, I am returning the papers herewith.

Very truly yours,

Paul R. Owen

w/enc.

IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JACK J. GRYNBERG, GRYNBERG
PRODUCTION CORPORATION (TX),
GRYNBERG PRODUCTION CORPORATION
(CO) and PRICASPIAN DEVELOPMENT
CORPORATION (TX),

                 Plaintiffs,

      -and-

BP P.L.C., a United Kingdom corporation d/b/a
BP CORP NORTH AMERICA INC., an Indiana
corporation, STATOILHYDRO ASA, a Norwegian
corporation, BG GROUP P.L.C., a United
Kingdom corporation, BG NORTH AMERICA, a
Texas corporation, JOHN BROWNE, ANTHONY
HAYWARD, PETER SUTHERLAND, HELGE
LUND, EIVIND REITEN, ROBERT WILSON,
and FRANK CHAPMAN, individuals,

                 Defendants.

Civil Action No.  1:08-cv-00301 JDB

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION
OF DEFENDANT HELGE LUND FOR DISMISSAL OF THE
COMPLAINT PURSUANT TO FEDERAL RULE 12(b)**

Paul T. Weinstein, D.C. Bar No. NY0093
Kenneth M. Bialo, *pro hac vice*
Matthew K. McCoy, *pro hac vice*

EMMET, MARVIN & MARTIN, LLP
120 Broadway
New York, New York  10271
(212) 238-3000

Attorneys for Defendant Helge Lund

April 15, 2008

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................... ii

BACKGROUND ............................................................................................................... 2

Argument ......................................................................................................................... 4

    I.     The Complaint Against Mr. Lund Should be Dismissed Under Rule 12(b)(2) for Improper Service. .................................................................................... 4

    II.    The Complaint Against Mr. Lund Should also be Dismissed Under Rule 12(b)(5) for Want of Personal Jurisdiction. ........................................................ 5

CONCLUSION ................................................................................................................. 8

# TABLE OF AUTHORITIES

## FEDERAL CASES

*AGS Int'l Svs. v. Newmont USA Ltd.*, 346 F.Supp.2d 64 (D.D.C. 2004) ..................... 5 n. 3

*Boling-Bey v. U.S. Parole Commission*, 2006 WL 1030122 (D.D.C.) (Bates, J.) ..............6

*\*Color Systems, Inc. v. Meteor Photo Reprographic Systems Inc.*, 1987 WL 11085 (D.D.C.) .................................................................5

*\*D'Onofrio v. SFX Sports Group, Inc.*, 534 F.Supp.2d 86 (D.D.C. 2008) (Bates, J.).... 5, 6

*Helicopteros Nacionales de Columbia, S.A. v Hall*, 466 U.S. 408, 104 S.Ct. 1868 (1984)...................................................................................6

*Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 104 S.Ct. 1473 (1984).....................7 n.5

*\*Kopff v. Battaglia*, 425 F.Supp.2d 76 (D.D.C. 2006) (Bates, J.) ...................................6, 7

*Quinto v. Legal Times*, 506 F.Supp. 554 (D.D.C. 1981) ................................................7 n.5

*Wiggins v. Equifax*, 853 F.Supp. 500 (D.D.C. 1994)...................................................7 n.5

## DISTRICT OF COLUMBIA CASES

*\*Bulin v. Stein*, 668 A.2d 810 (D.C. Ct. of App. 1995) .......................................................5

*Flocco v. State Farm Mutual Automobile Insurance Co.*, 752 A.2d 147 (D.C. Ct. App. 2000)...................................................................................7 n.5

## FEDERAL RULES

*Fed. R. Civ. P. Rule 4(f) ........................................................................................4

*Fed. R. Civ. P. Rules 12(b)(2) and (b)(5) ...................................................................2, 5

## DISTRICT OF COLUMBIA STATUTE

*D.C. Code § 13-423(a)..........................................................................................6

## TREATIES

*The Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, 20 U.S.T. 361, T.I.A.S. 6638, 658 U.N.T.S. 163 (the "Hague Convention") ........................................................................................4

IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                                            )
JACK J. GRYNBERG, GRYNBERG                                   )
PRODUCTION CORPORATION (TX),                                 )
GRYNBERG PRODUCTION CORPORATION                              )
(CO) and PRICASPIAN DEVELOPMENT                              )
CORPORATION (TX),                                            )    Civil Action No.  1:08-cv-00301 JDB
                                                            )
                        Plaintiffs,                         )
                                                            )
              -and-                                          )
                                                            )
BP P.L.C., a United Kingdom corporation d/b/a               )
BP CORP NORTH AMERICA INC., an Indiana                      )
corporation, STATOILHYDRO ASA, a Norwegian                  )
corporation, BG GROUP P.L.C., a United                      )
Kingdom corporation, BG NORTH AMERICA, a                    )
Texas corporation, JOHN BROWNE, ANTHONY                     )
HAYWARD, PETER SUTHERLAND, HELGE                            )
LUND, EIVIND REITEN, ROBERT WILSON,                         )
and FRANK CHAPMAN, individuals,                             )
                                                            )
                        Defendants.                         )
                                                            )
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION
OF DEFENDANT HELGE LUND FOR DISMISSAL OF THE
COMPLAINT PURSUANT TO FEDERAL RULE 12(b)**

Although the Complaint in this action names Mr. Helge Lund ("Lund") as an

individual defendant, it says nothing more about Lund than that he is the Chief Executive Officer

of defendant StatoilHydro ASA ("ASA"), identified as a Norwegian corporation, and that he "is

a resident of Stavanger, Norway."

At once plaintiffs thus concede that the service of process attempted on Lund here

was insufficient, and that in any event this Court lacks personal jurisdiction over Lund.  Given

the allegation that Lund is a resident of Norway, plaintiffs were required to follow Rule 4(f) of

the Federal Rules, which provides for service on persons resident abroad in accordance with the

Hague Convention.  It was plainly improper for plaintiffs to purport to make service by leaving a

copy of the Summons and Complaint with a receptionist at the Houston office of a subsidiary of

a subsidiary of ASA.  And, given the absence of any allegations that Lund does business in

Washington, D.C. or took any acts there that caused the injury alleged, plaintiffs have failed to

allege any facts showing a basis for this Court to exercise personal jurisdiction over Lund.

Accordingly, the Complaint should be dismissed under Rules 12(b)(2) and (b)(5)

of the Fed. R. Civ. P.  This motion is made now because the 20-day period from the attempted

service has almost run, and plaintiffs' counsel would not agree to withdraw their improper

service without strings, nor would they grant Lund an unconditional extension to the same

schedule as agreed for other defendants.  But for counsel's insistence, Lund would have joined in

the Rule 12(b) motion to dismiss of defendant ASA, to be served, according to the schedule

agreed by counsel, no later than May 23, 2008.  Lund requests permission from the Court to join

in ASA's motion in the event the instant motion is not granted.

## BACKGROUND

The Verified Complaint and Jury Demand in this case, filed February 21, 2008

(the "Complaint"), derives from an arbitration currently pending in New York.  It represents

plaintiffs' fourth attempt to obtain judicial intervention during the course of the arbitration.  The

details of the arbitration and these three other court cases, all dismissed, will be presented, to the

extent relevant, in ASA's motion to dismiss to be served next month, as briefly alluded to above.

For present purposes, it is sufficient to say that plaintiffs' attempted service of

process on Lund was plainly improper.  Notwithstanding their allegations in Paragraph 12 of the

Complaint that Lund is a resident of Norway, a process server appeared on March 26, 2008 at the

offices of StatoilHydro-Gulf of Mexico ("GOM"), located at 2103 City West Boulevard,

Houston, Texas 77042, and left with the receptionist a copy of the Summons and Complaint, and

associated papers. The Summons was addressed to Helge Lund, 15995 North Barkers Landing,

Houston, Texas 77079. *See* ¶ 3 of the Affidavit of Paul R. Owen, sworn to April 9, 2008,

submitted in support of the Motion to Dismiss of Helge Lund (the "Owen Aff."), submitted

herewith; Exhibit 1 to the Owen Aff. The process server did not ask the receptionist whether

Lund was present, or whether he lived or worked there, or whether she was authorized to accept

service on his behalf (Owen Aff. ¶ 5). Subsequently, the papers were given to Owen who

advised counsel for plaintiffs, by letter dated April 3, 2008, that Lund does not live or work in

the United States, and that neither the receptionist, nor to Owen's knowledge, anyone else in the

United States, has ever been authorized to accept legal papers on behalf of Lund (*id.* at ¶ 6; *see*

Exhibit 2 to the Owen Aff.) Accordingly, Owen returned the Summons and Complaint papers to

plaintiffs' counsel with his letter (*id*).

Even if the Summons and Complaint had been properly served on Lund under the

Hague Convention, however, there would be no basis whatever for this Court to exercise

personal jurisdiction over Lund. The sole and only allegation about Lund to be found anywhere

in the 86 paragraphs of the Complaint is, as noted above, in Paragraph 12:[1]

> "Lund is current President and CEO of StatoilHydro, and,
> on information and belief, is a resident of Stavanger,
> Norway."

---

[1] Plaintiffs filed the Complaint in the Court's public files (*see* Dkt. Entry No. 1), though they requested filing under seal for Mr. Grynberg's February 19 affidavit, which the Court has allowed (*see* April 3, 2008 Minute Order). The public filing of the Complaint raises breach of confidentiality issues that Mr. Lund wishes not to exacerbate, and so no additional copy has been filed with these motion papers.

Thus the Complaint contains not a whisper of any personal contact by Lund with Washington, D.C. in any capacity, or with any of the matters alleged as the basis of the Complaint.

For these reasons alone Lund's motion to dismiss the Complaint should be granted.

# ARGUMENT

## I.    The Complaint Against Mr. Lund Should be Dismissed Under Rule 12(b)(2) for Improper Service.

There is no basis in any law or rule of practice of which counsel is aware that authorizes a process server willy-nilly to leave legal papers just anywhere at all, as was attempted here.

Plaintiffs first allege that Lund resides in Norway, a fact that is public information, but then ignored that assertion when they left the Summons and Complaint for him at an office in Houston.  That was improper.  Service upon an individual resident in a foreign country, under Federal Rule 4(f),[2] must be made according to the internationally agreed means. As of 1969, both the U.S. and the Kingdom of Norway had agreed to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial matters, 20 U.S.T. 361 (the "Hague Convention").

---

[2]    Fed. R. Civ. P. Rule 4(f) provides in relevant part:

Unless federal law provides otherwise, an individual . . . may be served at a place not within any judicial district of the United States:

(1)  by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

(2)  if there is no internationally agreed means . . .; or

(3)  by other means not prohibited by international agreement as the court orders.

Because attempted service here was not made in accordance with the Hague

Convention, it was improper and therefore ineffective. *Bulin v. Stein*, 668 A.2d 810, 812-14

(D.C. Ct. of App. 1995) (personal service in Germany, and service by mail at defendant's prior

U.S. address to person not agent appointed for service, were insufficient under the Hague

Convention). *See also Color Systems, Inc. v. Meteor Photo Reprographic Systems, Inc.*, 1987

WL 11085, *8 (D.D.C.) (although the summons and complaint were actually received by the

West German corporation, service was insufficient because not made through Hague

Convention).[3]

## II.    The Complaint Against Mr. Lund Should also be Dismissed Under Rule 12(b)(5) for Want of Personal Jurisdiction.

Even if service here had been properly effected, plaintiffs make no allegation that

would pretend to support this Court's assertion of personal jurisdiction over Lund.  The sole and

only allegation of the Complaint as to Lund is, as noted above, found in Paragraph 12, which

says no more than this: "Lund is current President and CEO of StatoilHydro, and, on

information and belief, is a resident of Stavanger, Norway."  There is no allegation that Lund is

doing business in Washington D.C. or that any alleged action taken by him anywhere caused any

harm there.  Indeed, plaintiffs make no allegation of wrongdoing by Lund in any capacity, not

even "conclusory allegations," which would be inadequate in any event. *See D'Onofrio v. SFX*

*Sports Group, Inc.*, 534 F.Supp.2d 86, 89-90 (D.D.C. 2008) (Bates, J.)

As this Court has observed -- most recently in *D'Onofrio* -- there are two variants

of personal jurisdiction.  The first is "general, 'all purpose' adjudicatory authority to entertain a

---

[3]    That plaintiffs have alleged RICO violations cannot justify failure to follow the Hague Convention.  RICO does not provide for extraterritorial service. *See AGS Int'l Svs. v. Newmont USA Ltd.*, 346 F.Supp.2d 64, 87 (D.D.C. 2004) ("it is well settled that § 1965 does not provide for service of process in a foreign country").

suit against a defendant without regard to the claim's relationship *vel non* to the defendants

forum linked activity. . . . General jurisdiction sets a high bar, requiring a defendant's contacts

with a forum to 'be continuous and systematic' before forcing a defendant to defend a suit

arising out of any subject matter whether or not related to the forum [*citing Helicopteros*

*Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 415-16, 104 S.Ct. 1868 (1984)]." *Id.* at 90.

The second is specific jurisdiction "to entertain controversies based on acts of a defendant that

touch and concern the forum [omitting cites]," which "by contrast requires a lesser showing that

nevertheless" must meet both the forum's long-arm statute and constitutional due process. [4] *Id.*

*See* general discussion of principles applicable in analyses of personal jurisdiction in *D'Onofrio,*

*supra,* at 534 F.Supp.2d 89-94; *Kopff v. Battaglia*, 425 F.Supp.2d 76, 80-89 (D.D.C. 2006)

(Bates, J.); and *Boling-Bey v. U.S. Parole Commission*, 2006 WL 1030122, *3-*4 (D.D.C.)

(Bates, J., actions and injuries outside D.C.).

      Here this Court's words from the *Kopff* case are most apt: "[t]he complaint . . . is

entirely devoid of allegations that Sadiq [in the present case, substitute Lund] had any contacts

whatsoever with the District of Columbia -- either personally or in his corporate capacity -- let

alone contacts sufficient to constitute purposeful availment of the privilege of conducting

activities in the District." *Kopff, supra,* 425 F.Supp.2d at 83.  In that case the claims did not arise

---

[4]    The District's long-arm statute, D.C. Code § 13-423(a)(1) to (4), provides for personal jurisdiction as to a claim based on a defendant's:

    (1)   transacting any business in the District of Columbia;

    (2)   contracting to supply services in the District of Columbia;

    (3)   causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;

    (4)   causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia.

out of any contractual or transactional relationship involving the District, the non-resident

defendant's alleged conduct occurred solely outside the District borders, and that defendant's

contact with D.C. was only in his corporate capacity.[5] Likewise, in this case the Complaint "is

entirely devoid of allegations" at all as to Lund (except as to his corporate position and place of

residence), much less any assertions involving a transactional relationship with D.C., and there

are no claims of any conduct within the borders of D.C. The Complaint here against Lund should

be dismissed for want of personal jurisdiction, as it was in *Kopff* against Sadiq.

---

[5] The contacts of a non-resident defendant made in a corporate capacity do not qualify for purposes of determining personal jurisdiction in D.C. "Acts committed within the scope of employment cannot be imputed to the individual defendants to establish personal jurisdiction over them." *Flocco v. State Farm Mutual Automobile Ins. Co.*, 752 A.2d 147, 161-64 (D.C. Ct. App. 2000), citing *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n. 13. A contrary conclusion would "permit the exercise of jurisdiction even over nonresident officers of multi-national corporations located in jurisdictions many thousands of miles from the United States, whenever a plaintiff has made conclusory allegations, on information and belief, that such persons have directed or supervised activities of subordinates who have taken some action in the District." *Id. See also Wiggins v. Equifax*, 853 F.Supp. 500, 503 (D.D.C. 1994) ("[p]ersonal jurisdiction over the employees or officers of a corporation in their individual capacities must be based on their personal contacts with the forum and not their acts and contacts carried out solely in a corporate capacity"); *Quinto v. Legal Times*, 506 F. Supp. 554, 558 (D.C.C. 1981) ("[w]hile the [corporate officers and part-owners of the parent company] may have conducted substantial business in the District of Columbia, their activities were conducted on behalf of the corporation" and not "as individuals").

# CONCLUSION

For the foregoing reasons, the Verified Complaint and Jury Demand should be dismissed as to Helge Lund.

Dated: New York, New York
April 15, 2008

Respectfully submitted,

_____
Paul T. Weinstein, D.C. Bar No. NY0093

_____
Kenneth M. Bialo, *pro hac vice*
Matthew K. McCoy, *pro hac vice*

EMMET, MARVIN & MARTIN, LLP
120 Broadway
New York, New York  10271
(212) 238-3000

Attorneys for Defendant Helge Lund

CERTIFICATE OF SERVICE

I certify that on April 15, 2008, I caused a copy of Defendant Helge Lund's

Motion for Dismissal of the Complaint Pursuant to Federal Rules 12(b), dated April 15,

2008, Memorandum of Law in Support of the Motion of Defendant Helge Lund for

Dismissal of the Complaint Pursuant to Federal Rule 12(b), also dated April 15, 2008,

Affidavit of Paul R. Owen, with Exhibit 1 and Exhibit 2, sworn to April 9, 20008, and a

Proposed Order, to be filed electronically with the Office of the Clerk of the Court using

the CM/ECF system, which will send notice of the filing to the following:

> Kelly Pride Hebron
> PRIDE LAW OFFICE LLC
> 1400 Mercantile Lane, Suite 208
> Largo, MD  20774
>
> Daniel L. Abrams, Esq.
> Law Office of Daniel L. Abrams, PLLC
> 2 Penn Plaza, Suite 1910
> New York, NY  10121

Dated:  April 15, 2008

Paul T. Weinstein

**IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                                              )
JACK J. GRYNBERG, GRYNBERG                                     )
PRODUCTION CORPORATION (TX),                                   )
GRYNBERG PRODUCTION CORPORATION                                )
(CO) and PRICASPIAN DEVELOPMENT                                )
CORPORATION (TX),                                             )    Civil Action No.  1:08-cv-00301 JDB
                                                              )
                        Plaintiffs,                           )
                                                              )
                -and-                                         )
                                                              )
BP P.L.C., a United Kingdom corporation d/b/a                 )
BP CORP NORTH AMERICA INC., an Indiana                        )
corporation, STATOILHYDRO ASA, a Norwegian )
corporation, BG GROUP P.L.C., a United                        )
Kingdom corporation, BG NORTH AMERICA, a                      )
Texas corporation, JOHN BROWNE, ANTHONY                       )
HAYWARD, PETER SUTHERLAND, HELGE                               )
LUND, EIVIND REITEN, ROBERT WILSON                            )
and FRANK CHAPMAN, individuals,                               )
                                                              )
                        Defendants.                           )
                                                              )
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


**PROPOSED ORDER**


Upon consideration of the Affidavit of Paul R. Owen, sworn to April 9, 2008, the

related exhibits and the accompanying Memorandum of Law in Support of the Motion of

Defendant Helge Lund for Dismissal of the Complaint Pursuant to Federal Rule 12(b),

dated April 15, 2008, it is this ___ day of _____, 2008, hereby

**ORDERED**, Helge Lund's Motion for Dismissal of the Complaint

Pursuant to Federal Rules 12(b)(2) and 12(b)(5) is

**GRANTED.**

_____
United States District Judge

NOTICE TO:

Kelly Pride Hebron
PRIDE LAW OFFICE LLC
1400 Mercantile Lane, Suite 208
Largo, MD 20774

Daniel L. Abrams, Esq.
Law Office of Daniel L. Abrams, PLLC
2 Penn Plaza, Suite 1910
New York, NY 10121

Paul T. Weinstein, Esq.
Kenneth M. Bialo, Esq.
Matthew K. McCoy, Esq.
Emmet, Marvin & Martin, LLP
120 Broadway
New York, New York 10271