IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
)
JACK J. GRYNBERG, GRYNBERG )
PRODUCTION CORPORATION (TX), )
GRYNBERG PRODUCTION CORPORATION )
(CO) and PRICASPIAN DEVELOPMENT )
CORPORATION (TX), )
) 08 Civ. 301
) Judge Bates
Plaintiffs, )
)
-and- )
)
)
BP P.L.C., a United Kingdom corporation d/b/a )
BP CORP NORTH AMERICA INC., an Indiana )
corporation, STATOILHYDRO ASA, a Norwegian )
corporation, BG GROUP P.L.C., a United )
Kingdom corporation, BG NORTH AMERICA, a )
Texas corporation, JOHN BROWNE, ANTHONY )
HAYWARD, PETER SUTHERLAND, HELGE )
LUND, EIVIND REITEN, ROBERT WILSON, )
FRANK CHAPMAN, individuals, )
)
Defendants. )
)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**MOTION FOR EXTENSION OF TIME TO RESPOND
TO MOTION OF HELGE LUND TO DISMISS THIS CASE**

Plaintiffs respectfully move this Court for an order extending the time to respond to Helge Lund's motion to dismiss to June 26, 2008. The grounds are set forth in the accompanying Declaration of Daniel L. Abrams, dated

April 18, 2008, with related exhibits, and the accompanying Memorandum of Law, dated April 18, 2008.

Dated: April 18, 2008

By:_____

Daniel L. Abrams
2 Penn Plaza, Suite 1910
New York, New York 10121
(212) 292-5663
*Pro Hac Vice* Admission

IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                                      )
JACK J. GRYNBERG, GRYNBERG                                            )
PRODUCTION CORPORATION (TX),                                          )
GRYNBERG PRODUCTION CORPORATION                                       )
(CO) and PRICASPIAN DEVELOPMENT                                       )
CORPORATION (TX),                                                     )         08 Civ. 301
                                                                      )         Judge Bates
                    Plaintiffs,                                       )
                                                                      )
        -and-                                                         )
                                                                      )
BP P.L.C., a United Kingdom corporation d/b/a                         )
BP CORP NORTH AMERICA INC., an Indiana                                )
corporation, STATOILHYDRO ASA, a Norwegian                            )
corporation, BG GROUP P.L.C., a United                                )
Kingdom corporation, BG NORTH AMERICA, a                              )
Texas corporation, JOHN BROWNE, ANTHONY                               )
HAYWARD, PETER SUTHERLAND, HELGE                                      )
LUND, EIVIND REITEN, ROBERT WILSON,                                   )
FRANK CHAPMAN, individuals,                                           )
                                                                      )
                    Defendants.                                       )
                                                                      )
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  X

## DECLARATION OF DANIEL L. ABRAMS

I, DANIEL L. ABRAMS, hereby affirm under penalty of perjury.

1.  I am a member in good standing of the bar of the State of New York and am the principal of the Law Office of Daniel L. Abrams, PLLC. I have been admitted *pro hac vice* for purposes of serving as counsel for the Plaintiffs in this case. I submit this Declaration in

support of Plaintiffs' motion for an extension of time to respond to the motion to dismiss of Helge Lund ("Mr. Lund") until June 26, 2008, consistent with the schedule contemplated by the defendants, including Mr. Lund's company, who have either been served or agreed to accept service in this action.

2.  A brief update on the status of serving the Defendants and the contemplated schedule is in order.  Sullivan & Cromwell has agreed to accept service for Defendants BP p.l.c., Lord John Browne, Anthony Hayward and Peter Sutherland (the "BP Defendants").  As noted in the letter attached hereto as Exhibit A, the four BP Defendants have agreed to appear in this case by answering or moving with respect to the Complaint by May 23, 2008.  It had been understood that Plaintiffs' opposition in the event of a motion to dismiss would be due by June 26, 2008.

3.  On March 27, 2008, the firm of Emmet, Marvin & Martin, LLP agreed to accept service on behalf of Defendant StatoilHydro ASA ("Statoil"), and agreed to the same briefing schedule as the BP Defendants.  <u>See</u>  Exhibit B hereto.

4.  On Friday April 11, 2008, I received a phone call from Matthew McCoy, Esq., one of Statoil's attorneys, asking me for the first time about a briefing schedule for Mr. Lund's motion to dismiss.  Mr. Lund is CEO of Statoil.  Mr. McCoy advised that there was an attempt at serving Mr. Lund at a U.S. office of Statoil, but that he did not believe the service was adequate.  I was in mediation at the time, but I advised Mr. McCoy that I would get back to him on Monday.  I

specifically advised Mr. McCoy that I would look into the validity or our service attempt, with a view towards avoiding unnecessary motion practice in the event Plaintiffs were not going to take the position that Mr. Lund had been properly served.

5.   On Monday April 14, I e-mailed Mr. McCoy, telling him that:

> [P]laintiffs will not take the position that the prior attempt to serve Mr. Lund at a Statoil office in the U.S. was proper service, and we will of course not seek any default based on that prior service.

Exhibit C hereto.  The e-mail went on to preserve Plaintiffs' rights to make reference to the prior attempt at serving Mr. Lund in connection with a potential future motion supporting substituted service or an extension of time to serve.

6.   Thus, Plaintiffs attempted to serve Mr. Lund.  Mr. Lund through counsel claimed this was not proper service, and Plaintiffs, in an effort to avoid unnecessary motion practice, reviewed the matter and ultimately agreed that the service was not proper.

7.   Statoil is incorrect when they claim I refused to "unconditionally" consent to the same briefing schedule as the other Defendants, or that I would not agree to withdraw the improper service "without strings."  The reality is that Plaintiffs unambiguously conceded that the prior attempt at service was not proper. Moreover, I would have been happy to offer Mr. Lund the same briefing schedule as the other Defendants, but I believed (correctly) that our admission that the service was not proper would eliminate the need for Mr. Lund to make a motion, and it certainly eliminated any purported urgency that could be associated with

such a motion. I therefore expected that my April 14 e-mail would resolve the matter, at least in the short-term.

7. Nevertheless, without any subsequent phone conversations, Mr. McCoy tersely e-mailed me back, saying "we will just file a motion." Exhibit C hereto. The present motion was filed that same day.

8. Pursuant to Local Rule 7(m), I subsequently endeavored to get this motion on the same timetable as the other possible motions. Counsel for Mr. Lund, Matthew McCoy, Esq. responded by engaging me in argument about the merits of our legal positions, and by asking me if I would consider waiving our right to refer to the prior service in subsequent motion practice. As a courtesy I briefly outlined our legal position, but I refused to waive any substantive rights in exchange for getting this motion on the same timetable as the other possible motions. Counsel thereafter refused my request that Mr. Lund's motion be on the same schedule as had previously been agreed for the other motions.

Dated: New York, New York  
April 18, 2008

_____  
Daniel L. Abrams

## SULLIVAN & CROMWELL LLP

TELEPHONE: 1-202-956-7500
FACSIMILE: 1-202-293-6330
WWW.SULLCROM.COM

*1701 Pennsylvania Avenue, N.W.*
*Washington, D.C. 20006-5805*

NEW YORK • LOS ANGELES • PALO ALTO

FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

March 20, 2008

<u>Via E-mail and Facsimile</u>

Daniel L. Abrams, Esq.,
   Law Office of Daniel L. Abrams, PLLC,
      2 Penn Plaza, Suite 1910,
         New York, New York 10121.

         Re: <u>*Grynberg, et al. v. BP p.l.c., et al.* (1:08-cv-00301-JDB)</u>

Dear Dan:

      I am writing to memorialize the agreements you and I reached during our telephone calls today concerning the schedule for defendants BP p.l.c., Lord John Browne, Anthony Hayward, and Peter Sutherland (collectively, the "BP Defendants") to respond to the Complaint in the above-referenced matter.

      We agreed that the BP Defendants have until Friday, May 23, 2008 to respond to the Complaint. In the event that any of the BP Defendants move to dismiss, plaintiffs' opposition papers must be served by Thursday, June 26, 2008, with replies thereto due by Friday, July 18, 2008.

                                        Sincerely,

                                        Bruce W. Hickey

cc:   Daryl A. Libow



**EMMET, MARVIN & MARTIN, LLP**
COUNSELLORS AT LAW

120 Broadway
New York, New York 10271
212-238-3000

www.emmetmarvin.com

Matthew K. McCoy
*Associate*
Tel: 212-238-3134 • 212-651-6572
Fax: 212-238-3100 • 212-653-1760
mmccoy@emmetmarvin.com

March 27, 2008

**VIA EMAIL AND U.S. MAIL**

Daniel L. Abrams, Esq.
Law Office of Daniel L. Abrams, PLLC
2 Penn Plaza, Suite 1910
New York, NY 10121

Re:   *Jack J. Grynberg, et al. v. BP P.L.C., et al.* (D.D.C., 1:08-cv-00301, JDB)

Dear Dan:

I am writing to memorialize the agreements you and I reached during our telephone calls yesterday regarding the above-referenced matter. As I explained, Emmet, Marvin & Martin, LLP represents defendant StatoilHydro ASA. We have agreed to the following:

1) You will send to me a new Summons, made out by the Clerk's Office to StatoilHydro ASA, and a copy of the complaint filed in this matter (the "Complaint"). You can mail these to me at the address above. The papers delivered in Delaware on March 11, 2008 are of no further force and effect.

2) For purposes of this matter only, StatoilHydro ASA ("StatoilHydro") will not object on the basis of bad service. StatoilHydro, does not waive its rights to move to dismiss or otherwise object to the Complaint on any other grounds, including, for example, personal jurisdiction and venue.

We have also agreed to the following schedule for any motion to dismiss. StatoilHydro, may serve its motion, answer or other response to the Complaint on or before Friday, May 23, 2008. If StatoilHydro moves to dismiss, plaintiffs' opposition papers, if any, will be served by Thursday, June 26, 2008. StatoilHydro's reply, if any, will be served by Friday, July 18, 2008.

If I have incorrectly stated our full agreement please advise me immediately.

Sincerely,

EMMET, MARVIN & MARTIN, LLP

By: *Matthew K. McCoy*
Matthew K. McCoy

MKM:sc

NEW YORK, NEW YORK • MORRISTOWN, NEW JERSEY • STAMFORD, CONNECTICUT

Date: Tue, 15 Apr 2008 13:41:30 -0400
From: "McCOY, Matthew K." <MMcCOY@EMMETMARVIN.COM>
To: "Dan Abrams" <dan@lawyerquality.com>
Subject: Helge Lund

We will just file a motion.


Matthew K. McCoy
Emmet, Marvin & Martin, LLP
120 Broadway 32nd Floor
New York, NY 10271
Tel:  212-238-3134
      212-651-6572
Fax:  212-238-3100
Email: mmccoy@emmetmarvin.com

Confidentiality Disclosure: The information in this email and in attachments is confidential and intended solely for the attention and use of the named addressee(s). This information may be subject to legal professional or other privilege or may otherwise be protected by work product immunity or other legal rules. It must not be disclosed to any person without our authority. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are not authorized to and must not disclose, copy, distribute, or retain this message or any part of it.

Circular 230 Disclosure Notice. To insure compliance with requirements imposed by the Internal Revenue Service, we inform you that any tax advice that may be contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of avoiding penalties under the Internal Revenue Code or any state or local tax law to which a governmental requirement similar to Circular 230 applies.

-----Original Message-----
From: Dan Abrams [mailto:dan@lawyerquality.com]
Sent: Monday, April 14, 2008 3:43 PM
To: McCOY, Matthew K.
Subject: Helge Lund Service

Matt:  Please note that we will not take the position that the prior attempt to serve Mr. Lund at a Statoil office in the U.S. was proper service, and we will of course not seek any default based on that prior attempt at service.

The above is without prejudice to any future efforts at serving Mr. Lund, and without prejudice to our pointing out to the court the prior efforts in support of a motion for substituted service, extension of time to serve, or similar relief.

Regards,

Dan

Daniel L. Abrams
Law Office of Daniel L. Abrams, PLLC
2 Penn Plaza, Suite 1910
New York, NY 10121
(p)(212) 292-5663

IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                                      )
JACK J. GRYNBERG, GRYNBERG                                            )
PRODUCTION CORPORATION (TX),                                          )
GRYNBERG PRODUCTION CORPORATION                                       )
(CO) and PRICASPIAN DEVELOPMENT                                       )
CORPORATION (TX),                                                     )        08 Civ. 301
                                                                      )        Judge Bates
                Plaintiffs,                                           )
                                                                      )
     -and-                                                            )
                                                                      )
BP P.L.C., a United Kingdom corporation d/b/a                         )
BP CORP NORTH AMERICA INC., an Indiana                                )
corporation, STATOILHYDRO ASA, a Norwegian                            )
corporation, BG GROUP P.L.C., a United                                )
Kingdom corporation, BG NORTH AMERICA, a                              )
Texas corporation, JOHN BROWNE, ANTHONY                               )
HAYWARD, PETER SUTHERLAND, HELGE                                      )
LUND, EIVIND REITEN, ROBERT WILSON,                                   )
FRANK CHAPMAN, individuals,                                           )
                                                                      )
                Defendants.                                           )
                                                                      )
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  X

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO EXTEND RESPONSE TIME TO HELGE
LUND's MOTION TO DISMISS UNTIL JUNE 26, 2008**

1

**ARGUMENT**

The timing of Helge Lund's ("Lund') motion to dismiss reflects nothing more than the gamesmanship of his attorneys. While the motion raises the issue of improper service, Lund fails to tell the Court that the day before they filed the motion, **plaintiffs agreed** that the service attempted to date was not proper. Abrams Decl. Exh. C. It is unfortunate that Lund's attorneys nevertheless waste the Court's time with this motion, including an elaborate explanation of why the service was deficient.

Mr. Lund is the CEO of co-defendant Statoil Hydro ASA ("Statoil") and is represented by the same law firm as Statoil. Plaintiffs have reached agreements -- subject to Court approval[1] -- with counsel for Defendants Statoil, BP, plc., John Browne, Anthony Heyward and Peter Sutherland concerning the time an answer or motion to dismiss is due, and a briefing schedule in the event of any motions to dismiss. Abrams Decl. Exhs A and B. For each of these five Defendants, their answer or motion with respect to the Complaint is due on May 23, 2008, with opposition papers (in the event of motions to dismiss) due June 26, 2008, and any reply due July 18, 2008.

These agreements were entered into by Plaintiffs in an effort to provide Defendants and their counsel adequate time to investigate the allegations, and to streamline both its own workload as well as the Court's

---

[1] Once these Defendants appear, is there is motion practice Plantiffs' counsel will work with defense counsel to submit a stipulated briefing schedule consistent with the agreements, and request that the Court "so order" the stipulated schedules.

2

consideration of various issues raised in this case. It makes little sense for the Court to receive piecemeal motion practice raising overlapping issues, especially from the same law firms.

Statoil's attorneys run to Court with Mr. Lund's motion ahead of the briefing schedule established for Statoil and the other Defendants knowing full well that Mr. Lund is in no imminent danger of being defaulted. Plaintiffs have conceded that prior efforts to serve Mr. Lund were not successful. And as Mr. Lund notes in his motion, Mr. Lund resides in Norway and Plaintiffs will likely have to go through the time-intensive process dictated by the Hague Convention before effecting proper service on Mr. Lund.

This motion is being filed as a "trial balloon," calculated to receive a response by the Plaintiffs on the jurisdictional issues raised in Mr. Lund's motion ahead of the May 23 deadline for Statoil to respond to the Complaint. Statoil can therefore tailor their motion accordingly. The motive behind this gambit is belied by Statoil's attempt to engage Plaintiffs' counsel on the merits of Mr. Lund's motion when Plaintiffs called in an effort to get this motion on the same briefing schedule as the other contemplated motions. Abrams Decl. at ¶ 8.

Statoil will have an opportunity to both make their motion and reply to Plaintiffs' arguments. They do not need a sneak preview of the opposition

3

papers.  Especially when they freely negotiated and entered into a briefing schedule that provides no such preview.

For the foregoing reasons, Plaintiffs respectfully request that their opposition to Helge Lund's Motion to Dismiss be due on June 26, 2008.

Dated: April 18, 2008

By:_____

Daniel L. Abrams
2 Penn Plaza, Suite 1910
New York, New York 10121
(212) 292-5663
*Pro Hac Vice* Admission

IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
)
JACK J. GRYNBERG, GRYNBERG )
PRODUCTION CORPORATION (TX), )
GRYNBERG PRODUCTION CORPORATION )
(CO) and PRICASPIAN DEVELOPMENT )
CORPORATION (TX), )    08 Civ. 301
) Judge Bates
Plaintiffs, )
)
-and- )
)
BP P.L.C., a United Kingdom corporation d/b/a )
BP CORP NORTH AMERICA INC., an Indiana )
corporation, STATOILHYDRO ASA, a Norwegian )
corporation, BG GROUP P.L.C., a United )
Kingdom corporation, BG NORTH AMERICA, a )
Texas corporation, JOHN BROWNE, ANTHONY )
HAYWARD, PETER SUTHERLAND, HELGE )
LUND, EIVIND REITEN, ROBERT WILSON, )
FRANK CHAPMAN, individuals, )
)
Defendants. )
)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**PROPOSED ORDER**

`       Upon consideration of the Declaration of Daniel L. Abrams, dated April 18, 2008, the related exhibits and the accompanying Memorandum of Law, it is this _____ day of _____ 2008, hereby

**ORDERED,** that Plaintiffs' response to Helge Lund's motion for

dismissal of the Complaint shall be served on or before June 26, 2008.

_____
United States District Judge

NOTICE TO:

Kelly Pride Hebron, Esq.
Pride Law Office LLC
1400 Merchatnile Lane, Suite 208
Largo, MD 20774

Daniel L. Abrams, Esq.
Law Office of Daneil L. Abrams, PLLC
2 Penn Plaza, Suite 1910
New York, NY 10121

Paul T. Weinstein, Esq,
Kenneth M. Bialo, Esq.
Matthew K. McCoy, Esq.
Emmet, Marvin & Martin, LLP
120 Broadway
New York, NY 10271