IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---------------------------------x
JACK J. GRYNBERG, GRYNBERG )
PRODUCTION CORPORATION (TX), )
GRYNBERG PRODUCTION CORPORATION )
(CO) and PRICASPIAN DEVELOPMENT )
CORPORATION (TX), ) Civil Action No. 1:08-cv-00301 JDB
)
Plaintiffs, )
)
-and- ) DECLARATION OF MATTHEW K. McCOY
) IN OPPOSITION TO
BP P.L.C., a United Kingdom corporation d/b/a ) PLAINTIFFS' MOTION FOR EXTENSION
BP CORP NORTH AMERICA INC., an Indiana ) OF TIME (TO JUNE 26, 2008) TO RESPOND
corporation, STATOILHYDRO ASA, a Norwegian ) TO MOTION OF HELGE LUND TO
corporation, BG GROUP P.L.C., a United ) DISMISS THIS CASE
Kingdom corporation, BG NORTH AMERICA, a )
Texas corporation, JOHN BROWNE, ANTHONY )
HAYWARD, PETER SUTHERLAND, HELGE )
LUND, EIVIND REITEN, ROBERT WILSON, )
and FRANK CHAPMAN, individuals, )
)
Defendants. )
)
---------------------------------x

MATTHEW K. McCOY, hereby declares under penalty of perjury that the following is true and correct:

1.      I am associated with the law firm of Emmet, Marvin & Martin LLP (the "Firm"), which represents defendant Helge Lund ("Lund"). I submit this Declaration in opposition to plaintiffs' Motion for Extension of Time to Respond to Motion of Helge Lund to Dismiss This Case, dated April 18, 2008.

2.      With respect, we submit that plaintiffs' motion is an unnecessary waste of the Court's time. Now that they have "unambiguously conceded" that service of

934094_1

process on Mr. Lund was "improper" (Declaration of Daniel L. Abrams, dated April 18, 2008 ("Abrams Decl.") at Para. 7), there is no need for plaintiffs' current motion for any extension -- much less two months -- to respond to Mr. Lund's very short motion to dismiss for insufficient service and lack of personal jurisdiction.

3. Previously, plaintiffs declined to so agree without strings. When I asked plaintiffs' counsel, Mr. Abrams, either to withdraw the attempted service on Mr. Lund -- by agreeing it had no further force or effect -- or, alternatively, to grant Mr. Lund the same motion date previously agreed for other defendants, namely May 23, Mr. Abrams insisted on the condition that plaintiffs be free to refer to what they now "unambiguously" concede was improper service in later asking this Court to approve some sort of substituted service on Mr. Lund. In Mr. Abrams' own words (*see* Exhibit C annexed to Abrams Decl.), plaintiffs wanted no "prejudice to our pointing out to the court the prior efforts in support of a motion for substituted service . . . ."

4. That condition was not acceptable to Mr. Lund. He is Chief Executive Officer of StatoilHydro ASA, a Norwegian corporation ("StatoilHydro"), also named as a defendant in this case. Plaintiffs had purported to serve their summons and complaint on Mr. Lund by leaving a copy with a receptionist at the Houston office of a subsidiary, of a subsidiary, of StatoilHydro. Since the Complaint itself alleges in Paragraph 12 that Mr. Lund "on information and belief, is a resident of Stavanger, Norway," the supposed service represented not the slightest effort to comply with Rule 4(f) of the Fed. R. Civ. P.

5. Because plaintiffs would not agree to drop service on Mr. Lund without the unacceptable condition, we moved to dismiss on behalf of Mr. Lund within

2

the required 20 days on the grounds not only of insufficient service but also lack of personal jurisdiction. *See* Defendant Helge Lund's Motion for Dismissal of the Complaint Pursuant to Federal Rule 12(b), dated April 15, 2008, and the supporting affidavit of Paul P. Owen, sworn to April 9, 2008, and Memorandum of Law, also dated April 15, 2008 (together, Mr. Lund's "Motion to Dismiss").

6.   The argument submitted in Mr. Lund's Motion to Dismiss is short and simple. The only assertion in the 89 paragraphs of the Complaint that even mentions Mr. Lund, Paragraph 12, alleges in a single sentence that he "is the current President and CEO of StatoilHydro," and that, as noted above, "on information and belief, is a resident of Stavanger, Norway." There is not another word about, or reference to, Mr. Lund to be found anywhere in the Complaint, much less any tying him to the District of Columbia.

7.   After Mr. Lund's Motion to Dismiss was filed, Mr. Abrams asked me for an extension until June 26, the agreed date for plaintiffs' opposition in respect of other defendants' motions to dismiss due May 23. Incredibly, however, plaintiffs insisted on the same unacceptable condition we had previously rejected. When I inquired as to why such a lengthy extension was needed, or how it could cure the complete absence of allegations of jurisdictional contact in the Complaint that *he had pleaded*, Mr. Abrams mentioned "conspiracy jurisdiction" and imputation of knowledge to corporate executives. Nevertheless, he could not explain how those ideas could have any applicability to Mr. Lund, given what the Complaint alleged about him, and more importantly, did not allege. In response, therefore, we offered a courtesy extension but, given the simplicity of the moving three-page affidavit and seven-page brief, indicated

that a two month extension was not agreeable. *See* my email to Mr. Abrams, dated April 18, 2008, annexed hereto as Exhibit 1.

8.  We will not dignify with any response the unmoored assertions made in plaintiffs' Memorandum of Law in Support of Motion to Extend Response Time to Helge Lung's Motion to Dismiss until June 26, 2008, dated April 18, 2008. Suffice it to say that in light of plaintiffs' demand that this Court accord them the same briefing schedule they denied to Mr. Lund, their claim of "gamesmanship" by Mr. Lund is ridiculous. Plaintiffs' apparent goal at the time of discussions was to try to keep Mr. Lund in the lawsuit on the basis of a service of process that was manifestly deficient, and an assertion of personal jurisdiction that was utterly bereft of any support (and remains so even in their current motion papers).

9.  Plaintiffs' present unambiguous concession of the impropriety of their attempted service shows that their instant motion for an extension until June 26, 2008 should be denied. A proposed Order is submitted herewith. Indeed, their concession establishes that Mr. Lund's Motion to Dismiss should be granted.

                                                      s/   Matthew K. McCoy

                                                      MATTHEW K. MCCOY,
                                                      *Pro Hac Vice*

Dated: New York, New York
       April 24, 2008

4

# EXHIBIT 1

to
Declaration of
Matthew K. McCoy, Esq.
dated April 24, 2008

## McCOY, Matthew K.

**From:** McCOY, Matthew K.
**Sent:** Friday, April 18, 2008 10:55 AM
**To:** 'Dan Abrams'
**Subject:** Helge Lund's Motion

Dan:

As I said, we can accommodate a courtesy extension but are not authorized to agree to an extension until June 26. Please include us in any calls to or from Chambers. Try us first at Ken Bialo's phone, (212) 238-3058.



*Matthew K. McCoy*
Emmet, Marvin & Martin, LLP
120 Broadway 32nd Floor
New York, NY 10271
Tel: 212-238-3134
      212-651-6572
Fax: 212-238-3100
Email: mmccoy@emmetmarvin.com

**Confidentiality Disclosure:** The information in this email and in attachments is confidential and intended solely for the attention and use of the named addressee(s). This information may be subject to legal professional or other privilege or may otherwise be protected by work product immunity or other legal rules. It must not be disclosed to any person without our authority. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are not authorized to and must not disclose, copy, distribute, or retain this message or any part of it.

**Circular 230 Disclosure Notice.** To insure compliance with requirements imposed by the Internal Revenue Service, we inform you that any tax advice that may be contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of avoiding penalties under the Internal Revenue Code or any state or local tax law to which a governmental requirement similar to Circular 230 applies.

IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

------------------------------------x
                                     )
JACK J. GRYNBERG, GRYNBERG            )
PRODUCTION CORPORATION (TX),          )
GRYNBERG PRODUCTION CORPORATION       )
(CO) and PRICASPIAN DEVELOPMENT       )
CORPORATION (TX),                     )   Civil Action No. 1:08-cv-00301 JDB
                                     )
                 Plaintiffs,          )
                                     )
         -and-                        )
                                     )
BP P.L.C., a United Kingdom corporation d/b/a )
BP CORP NORTH AMERICA INC., an Indiana )
corporation, STATOILHYDRO ASA, a Norwegian )
corporation, BG GROUP P.L.C., a United )
Kingdom corporation, BG NORTH AMERICA, a )
Texas corporation, JOHN BROWNE, ANTHONY )
HAYWARD, PETER SUTHERLAND, HELGE     )
LUND, EIVIND REITEN, ROBERT WILSON   )
and FRANK CHAPMAN, individuals,      )
                                     )
                 Defendants.          )
                                     )
------------------------------------x

PROPOSED ORDER
DENYING
PLAINTIFFS' MOTION FOR EXTENSION
OF TIME TO RESPOND TO MOTION OF
<u>HELGE LUND TO DISMISS THIS CASE</u>

Upon consideration of the Declaration of Matthew K. McCoy in Opposition to the Motion for Extension of Time to Respond to Motion of Helge Lund to Dismiss This Case, dated April 24, 2008, the related exhibits, as well as Plaintiffs' Motion for Extension of Time to Respond to Motion of Helge Lund to Dismiss this Case, dated April

18, 2008, the Declaration of Daniel L. Abrams, dated April 18, 2008, and related exhibits, and the Memorandum of Law in Support of Motion to Extend Response Time to Helge Lund's Motion to Dismiss until June 26, 2008, it is this __ day of _____,

hereby

**ORDERED**, that Plaintiffs' Motion for Extension of Time to Respond to Motion of Helge Lund to Dismiss this Case is

**DENIED.**

---

United States District Judge

NOTICE TO:

Kelly Pride Hebron
PRIDE LAW OFFICE LLC
1400 Mercantile Lane, Suite 208
Largo, MD 20774

Daniel L. Abrams, Esq.
Law Office of Daniel L. Abrams, PLLC
2 Penn Plaza, Suite 1910
New York, NY 10121

Paul T. Weinstein, Esq.
Kenneth M. Bialo, Esq.
Matthew K. McCoy, Esq.
Emmet, Marvin & Martin, LLP
120 Broadway
New York, New York 10271