IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
)
JACK J. GRYNBERG, GRYNBERG )
PRODUCTION CORPORATION (TX), )
GRYNBERG PRODUCTION CORPORATION )
(CO) and PRICASPIAN DEVELOPMENT )
CORPORATION (TX), )
) 08 Civ. 301
) Judge Bates
Plaintiffs, )
)
-and- )
)
BP P.L.C., a United Kingdom corporation d/b/a )
BP CORP NORTH AMERICA INC., an Indiana )
corporation, STATOILHYDRO ASA, a Norwegian )
corporation, BG GROUP P.L.C., a United )
Kingdom corporation, BG NORTH AMERICA, a )
Texas corporation, JOHN BROWNE, ANTHONY )
HAYWARD, PETER SUTHERLAND, HELGE )
LUND, EIVIND REITEN, ROBERT WILSON, )
FRANK CHAPMAN, individuals, )
)
Defendants. )
)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

### **REPLY DECLARATION OF DANIEL L. ABRAMS**

I, DANIEL L. ABRAMS, hereby declares under penalty of perjury:

1.  I respond to the Declaration of Matthew McCoy, which was filed today in opposition to Plaitniffs' Motion for an extension of time to oppose Helge Lund's Motion to Dismiss.

2.      As detailed in our moving papers and not contested by Mr. McCoy, five of the Defendants, including Mr. McCoy's other client, have agreed to accept service, and agreed to a stipulated briefing schedule.

3.      Mr. McCoy suggests that Plantiffs' present motion is a "waste of time" because Plaintiffs have conceded that they have been unable to serve Mr. Lund.  Not true.  What Mr. Lund is seeking in his motion is a dismissal **before service** on jurisdictional grounds.  Plaintiffs' efforts to serve Mr. Lund are ongoing, and Mr. Lund is not suggesting that Plaintiffs have run out of time to serve him.  We see no reason why a jurisdictional motion by a defendant who has refused to accept service should be on an accelerated schedule vis-a-vis the five defendants who have agreed to accept service.

4.      Regardless of the length of Defendant's papers, issues pertaining to conspiracy jurisdiction under the Federal RICO statute, co-conspirator venue under RICO and the common law, imputation of knowledge to corporate executives, minimum contacts, and related international ramifications are complex and are best examined at one time with reference to not only Mr. Lund but his company and other individual defendants.  This is why Mr. Lund's jurisdictional objections should be heard at the same time as the five (5) Defendants who have agreed to a briefing schedule.

5.  In short, Mr. Lund need not even make a motion, since Plaintiffs have not served him. Since he has moved, the response should be due no sooner than the motion for his appearing co-defendants.

Dated: New York, New York
April 24, 2008

_____
Daniel L. Abrams