UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
JACK J. GRYNBERG, GRYNBERG :
PRODUCTION CORPORATION (TX), :
GRYNBERG PRODUCTION CORPORATION :
(CO) and PRICASPIAN DEVELOPMENT :
CORPORATION (TX), :
:
                Plaintiffs, : Civil Action No. 1:08-cv-00301 JDB
     v. :
:
BP p.l.c., STATOILHYDRO ASA, BG GROUP :
p.l.c., JOHN BROWNE, ANTHONY :
HAYWARD, PETER SUTHERLAND, :
HELGE LUND, EIVIND REITEN, :
ROBERT WILSON, FRANK CHAPMAN, :
:
                Defendants. :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM OF POINTS AND AUTHORITIES OF
LORD BROWNE OF MADINGLEY, ANTHONY HAYWARD,
AND PETER SUTHERLAND IN SUPPORT OF THEIR MOTION TO
<u>DISMISS THE COMPLAINT FOR LACK OF PERSONAL JURISDICTION</u>**

                      Daryl A. Libow (D.C. Bar No. 446314)
                      Bruce W. Hickey (D.C. Bar No. 479036)
                      SULLIVAN & CROMWELL LLP
                      1701 Pennsylvania Avenue, N.W.
                      Washington, D.C.  20006
                      Phone:  (202) 956-7500
                      Facsimile:  (202) 293-6330

                      *Counsel for Defendants BP p.l.c.,*
                      *Lord Browne of Madingley,*
                      *Anthony Hayward, and Peter Sutherland*

May 23, 2008

**TABLE OF CONTENTS**

*Page*

TABLE OF AUTHORITIES ................................................................................................ ii

STATEMENT OF RELEVANT FACTS ...........................................................................1

ARGUMENT.......................................................................................................................2

I.    PLAINTIFFS FAIL TO PLEAD FACTS SUFFICIENT TO ESTABLISH PERSONAL JURISDICTION UNDER DISTRICT OF COLUMBIA LAW. ..................................................................................................................3

II.    THE EXERCISE OF PERSONAL JURISDICTION OVER THE INDIVIDUAL BP OFFICERS WOULD VIOLATE DUE PROCESS. ..................4

CONCLUSION....................................................................................................................7

# TABLE OF AUTHORITIES

## Cases

*Asahi Metal Industry Co., Ltd.* v. *Superior Court of California*,
    480 U.S. 102 (1987) ............................................................................................... 5

*Burger King Corp.* v. *Rudzewicz*,
    471 U.S. 462 (1985) ............................................................................................... 5

*Burman* v. *Phoenix Worldwide Industries, Inc.*,
    437 F. Supp. 2d 142 (D.D.C. 2006) ...................................................................... 3

\*   *D'Onofrio* v. *SFX Sports Group, Inc.*,
    534 F. Supp. 2d 86 (D.D.C. 2008) ................................................................ 2, 3, 4

*First Chicago International* v. *United Exchange Co., Ltd.*,
    836 F.2d 1375 (D.C. Cir. 1988) ............................................................................. 2

*GTE New Media Services Inc.* v. *BellSouth Corp.*,
    199 F.3d 1343 (D.C. Cir. 2000) ............................................................................. 2

*International Shoe Co.* v. *Washington*,
    326 U.S. 310 (1945) ............................................................................................... 4

\*   *Kopff* v. *Battaglia*,
    425 F. Supp. 2d 76 (D.D.C. 2006) ..................................................................... 3, 4

*Metropolitan Life Insurance Co.* v. *Robertson-Ceco Corp.*,
    84 F.3d 560 (1996) ................................................................................................. 6

*Miller* v. *Holzmann*,
    No. 95-1231, 2007 WL 778568 (D.D.C. Mar. 6, 2007) ........................................ 5

*PT United Can Co. Ltd.* v. *Crown Cork & Seal Co., Inc.*,
    138 F.3d 65 (2d Cir. 1998) ..................................................................................... 6

*Wiggins* v. *Equifaz Inc.*,
    853 F. Supp. 500 (D.D.C. 1994) ............................................................................ 3

## Rules and Statutes

Fed. R. Civ. P. 12(b)(2) ..................................................................................................... 7

Fed. R. Civ. P. 12(f) .......................................................................................................... 2

U.S. CONST. amend. V. ..................................................................................................... 4

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, Defendants Lord Browne of Madingley, Anthony Hayward, and Peter Sutherland (collectively, the "Individual BP Officers") respectfully submit this Memorandum of Points and Authorities in Support of their Motion to Dismiss for Lack of Personal Jurisdiction all claims asserted against them by plaintiffs Jack J. Grynberg, Grynberg Production Corporation (TX), Grynberg Production Corporation (CO), and Pricaspian Development Corporation (TX) in the Verified Complaint (the "Complaint" or "Compl.").[1]

## STATEMENT OF RELEVANT FACTS

Plaintiffs' Complaint contains virtually no factual allegations relating to any of the three Individual BP Officers—let alone a single fact connecting any one of them to this judicial district. With respect to defendant Sutherland, plaintiffs merely state that he "was the Chairman of BP [and two BP subsidiaries]," as well as "a former Attorney General of the Irish Republic and is also the current Chairman of Goldman Sachs International in London and New York. On information and belief Sutherland is a resident of London, England." (Compl. ¶ 9.) Regarding Lord Browne, plaintiffs state that "until May of 2007, Browne was CEO of BP [and the same two BP subsidiaries], and a resident of London, England." (Compl. ¶ 10.)[2] For defendant Hayward, plaintiffs

---

[1] In the event that this Court determines plaintiffs have made a sufficient *prima facie* showing of personal jurisdiction over them, the Individual BP Officers join defendant BP p.l.c.'s ("BP") Motion to Compel Arbitration and Dismiss the Complaint, and adopt all of the arguments made in BP's Statement of Points and Authorities in support thereof, both of which have been filed with the Court today.

[2] The only other references to Lord Browne in the Complaint are a series of irrelevant and scandalous allegations that have no plausible connection to any issue raised by their claims in this litigation. (*See* Compl. ¶¶ 42-44.) Contrary to plaintiffs' allegations, Lord Browne has never been found guilty of perjury nor declared a felon by any court in the U.K. or elsewhere in the world. (*Id.* at ¶ 43.) Moreover, plaintiffs cite as support for their outrageous assertion that Lord Browne is referred to as a

provide even fewer details, stating only that "[b]eginning May 1, 2007, Hayward became CEO of BP, BP Exploration and BPX, with offices in London, England."  (Compl. ¶ 11.)

## ARGUMENT

Plaintiffs' Complaint must be dismissed with respect to the Individual BP Officers for the simple reason that plaintiffs have made no attempt whatsoever to establish that this Court has personal jurisdiction over any one of them.  Not only have plaintiffs failed to allege that an Individual BP Officer committed *any act whatsoever* in connection with their substantive claims, plaintiffs have not alleged a single fact connecting any one of them to the District of Columbia.

On this Rule 12(b)(2) motion to dismiss, plaintiffs have the burden of establishing that the Court has personal jurisdiction over each of the Individual BP Officers, and must allege specific facts upon which personal jurisdiction over each defendant can be based.  *D'Onofrio* v. *SFX Sports Group, Inc.*, 534 F. Supp. 2d 86, 89-90 (D.D.C. 2008).  "Conclusory statements . . . '[do] not constitute the *prima facie* showing necessary to carry the burden of establishing personal jurisdiction' . . . [T]he 'bare allegation' of conspiracy or agency is insufficient to establish personal jurisdiction." *GTE New Media Servs. Inc.* v. *BellSouth Corp.*, 199 F.3d 1343, 1349 (D.C. Cir. 2000) (citing *First Chicago Int'l* v. *United Exchange Co.*, 836 F.2d 1375, 1378-79 (D.C. Cir. 1988)).  Plaintiffs also may not "aggregate factual allegations concerning multiple

---

"murderer" in only a single article that does not even mention Lord Browne.  (Compl. ¶ 44 & Ex. 3.)  Such pleadings, which manifestly serve no purpose other than to distract from plaintiffs' inability to marshal sufficient *relevant* facts to support their claims, may be stricken "upon the [C]ourt's own initiative at any time."  Fed. R. Civ. P. 12(f) ("[T]he [C]ourt may order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter.").

defendants in order to demonstrate personal jurisdiction over any individual defendant." *Kopff* v. *Battaglia*, 425 F. Supp. 2d 76, 80-81 (D.D.C. 2006).

I. **PLAINTIFFS FAIL TO PLEAD FACTS SUFFICIENT TO ESTABLISH PERSONAL JURISDICTION UNDER DISTRICT OF COLUMBIA LAW.**

As this Court has observed, to establish personal jurisdiction under District of Columbia law over non-resident defendants such as the Individual BP Officers, plaintiffs must allege "*specific facts*" bringing each of these defendants within either of "two distinct variants of personal jurisdiction: '(1) general, 'all purpose' adjudicatory authority to entertain a suit against a defendant without regard to the claim's relationship *vel non* to the defendant's forum-linked activity, and (2) specific jurisdiction to entertain controversies based on acts of a defendant that touch and concern the forum." *D'Onofrio*, 534 F. Supp. 2d at 89-90 (emphasis added) (quoting *Kopff*, 425 F. Supp. 2d at 81); *Burman* v. *Phoenix Worldwide Industries, Inc.*, 437 F. Supp. 2d 142, 147 (D.D.C. 2006). Moreover, "courts cannot exert jurisdiction over individual corporate officers or employees 'just because the court has jurisdiction over the corporation.'" *Kopff*, 425 F. Supp. 2d at 84; *see also Wiggins* v. *Equifax Inc.*, 853 F. Supp. 500, 503 (D.D.C. 1994) ("Personal jurisdiction over the employees or officers of a corporation in their individual capacities must be based on their *personal* contacts with the forum and not their acts and contacts carried out solely in a corporate capacity.") (emphasis added). Therefore, under either general or long-arm theories of personal jurisdiction, "plaintiff bears the burden of demonstrating" through the pleading of "specific facts" in the Complaint "that the individual defendants are subject to personal jurisdiction in their own right apart from

any jurisdiction that might exist over the corporate-entity employers." *D'Onofrio*, 534 F. Supp. 2d at 90-91.

Here, Plaintiffs cannot hope to satisfy either basis of personal jurisdiction because "[t]he complaint . . . [is] entirely devoid of allegations that [the Individual BP Officers] had *any contacts whatsoever* with the District of Columbia—either personally or in [their] corporate capacity." *Kopff*, 425 F. Supp. 2d at 83 (emphasis added). Far from pleading any specific facts connecting the Individual BP Officers with this District, the only allegations about any of the Individual Officers are directly to the contrary: plaintiffs merely allege for each that they either live or work in London, or both. Nowhere on the face of the Complaint is there even a single reference to the District of Columbia (save for the caption identifying this Court). Plaintiffs' complete failure even to attempt to make out a *prima facie* showing of personal jurisdiction regarding any of the Individual Officers requires that all claims against each of them be dismissed pursuant to Rule 12(b)(2). *Kopf*, 425 F. Supp. 2d at 84.

## II.  THE EXERCISE OF PERSONAL JURISDICTION OVER THE INDIVIDUAL BP OFFICERS WOULD VIOLATE DUE PROCESS.

Even assuming *arguendo* plaintiffs could establish a statutory basis for jurisdiction under District of Columbia law, the exercise of jurisdiction over the Individual BP Officers would violate the Due Process Clause of the U.S. Constitution. U.S. CONST. amend. V. The Due Process Clause prohibits exercise of jurisdiction over a non-resident defendant unless the defendant has certain minimum contacts with the forum state such that the exercise of personal jurisdiction is reasonable and "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co.* v.

*Washington*, 326 U.S. 310, 316 (1945) (quotations omitted). To be subject to jurisdiction, a non-resident defendant must have purposefully availed itself of the privileges and protections of the forum state's law such that it should reasonably anticipate being haled into court there. *Asahi Metal Indus. Co., Ltd.* v. *Superior Ct.*, 480 U.S. 102, 119 (1987). The Due Process Clause protects a defendant's "liberty interest in not being subject to the binding judgments of a forum with which [defendant] has established no meaningful contacts, ties or relations." *Burger King Corp.* v. *Rudzewicz*, 471 U.S. 462, 471-72 (1985) (citation omitted). As the Supreme Court has cautioned, a more stringent reasonableness analysis is required when considering that the "unique burdens placed upon one who must defend oneself in a foreign legal system should [be given] significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders." *Asahi Metal*, 480 U.S. at 114.

To assess the reasonableness of exercising jurisdiction over a non-resident defendant, courts consider several factors, including: (1) the burden on the defendant; (2) the interests of the forum in adjudicating the case; and (3) the plaintiff's interest in obtaining relief. *Id.* at 113; *see also Miller* v. *Holzmann*, No. 95-1231, 2007 WL 778568, at *3 (D.D.C. Mar. 6, 2003). In this case, the *Asahi* factors manifestly dictate against exercise of personal jurisdiction over the Individual BP Officers. First, regarding the burden on the defendants, each of the Individual BP Defendants is a U.K. citizen and resident (Compl. ¶¶ 9-11) and would be clearly burdened by having to defend a lawsuit on another continent. *Asahi Metal*, 480 U.S. at 114-15 (noting the "unique burdens" faced by foreign defendants). Second, the Complaint fails to identify any particular interest this forum has in adjudicating plaintiff's claims against any of the Individual BP

- 5 -

Defendants. This lawsuit principally concerns the alleged conduct of non-U.S. defendants taking place in a foreign country and having no connections whatsoever with this judicial district. Simply put, the District of Columbia has no "significant interests in resolving th[is] dispute." *Metropolitan Life*, 84 F.3d at 574-75. Finally, it is hard to imagine what policy argument could support the exercise of U.S. jurisdiction over foreign nationals domiciled abroad in a case in which the core facts all allegedly occurred in another foreign country. To the contrary, "Congress has expressed a preference [] to avoid, where possible, haling defendants into far flung fora." *PT United Can Co. Ltd.* v. *Crown Cork & Seal Co., Inc.*, 138 F.3d 65, 72 (2d Cir. 1998). Therefore, plaintiffs fail to establish that exercising personal jurisdiction over any of the Individual BP Officers would satisfy Due Process.

## CONCLUSION

This Court should dismiss all claims against the Individual BP Officers for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

Dated: Washington, D.C.
May 23, 2008

Respectfully submitted,

     /s/ Daryl A. Libow
Daryl A. Libow (D.C. Bar No. 446314)
Bruce W. Hickey (D.C. Bar No. 479036)
SULLIVAN & CROMWELL LLP
1701 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Phone: (202) 956-7500
Facsimile: (202) 293-6330

*Counsel for Defendants BP p.l.c.,*
*Lord Browne of Madingley,*
*Anthony Hayward, and Peter Sutherland*