UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                  :
JACK J. GRYNBERG, GRYNBERG                        :
PRODUCTION CORPORATION (TX),                      :
GRYNBERG PRODUCTION CORPORATION                   :
(CO) and PRICASPIAN DEVELOPMENT                   :
CORPORATION (TX),                                 :
                                                  :
                    Plaintiffs,                   : Civil Action No. 1:08-cv-00301 JDB
         v.                                       :
                                                  :
BP p.l.c., STATOILHYDRO ASA, BG GROUP             :
p.l.c., JOHN BROWNE, ANTHONY                      :
HAYWARD, PETER SUTHERLAND,                        :
HELGE LUND, EIVIND REITEN,                        :
ROBERT WILSON, FRANK CHAPMAN,                     :
                                                  :
                    Defendants.                   :
                                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

**MEMORANDUM OF POINTS AND AUTHORITIES
OF BP P.L.C. IN SUPPORT OF ITS MOTION TO SEAL**

        Daryl A. Libow (D.C. Bar No. 446314)
        Bruce W. Hickey (D.C. Bar No. 479036)
        SULLIVAN & CROMWELL LLP
        1701 Pennsylvania Avenue, N.W.
        Washington, D.C.  20006
        Phone:  (202) 956-7500
        Facsimile:  (202) 293-6330

        *Counsel for Defendants BP p.l.c.,*
        *Lord Browne of Madingley,*
        *Anthony Hayward, and Peter Sutherland*

May 23, 2008

Pursuant to Local Civil Rule 5.1(j), Defendant BP p.l.c. ("BP") respectfully submit this Memorandum of Points and Authorities in Support of its Motion to Seal (i) BP's Memorandum of Points and Authorities in Support of its Motion to Compel Arbitration and Dismiss the Complaint, and (ii) the Declaration of Bruce W. Hickey, dated May 23, 2008, as well as that declaration's accompanying exhibits.

## STATEMENT OF RELEVANT FACTS

As plaintiffs Jack J. Grynberg, Grynberg Production Corporation (TX), Grynberg Production Corporation (CO), and Pricaspian Development Corporation (TX) (collectively, "Plaintiffs") have previously explained to this Court in their Motion to Seal, this case concerns Plaintiffs' rights and obligations under a contract whose terms are strictly confidential.  (*See* Affidavit of Jack J. Grynberg, sworn to on February 19, 2008, ¶ 2.)  Plaintiffs have further acknowledged that certain dispute resolution proceedings that are held pursuant to that agreement are also relevant to this litigation and similarly protected by confidentiality obligations under both that same agreement, as well as a separate undertaking.  (*Id.* ¶¶ 1-2; Plaintiffs' Motion to Seal and Plaintiffs' Memorandum of Points and Authorities in Support Thereof, filed on or about February 21, 2008; Declaration of Daniel L. Abrams, sworn to on or about February 21, 2008, ¶¶ 3-6.)  By Minute Order entered on April 3, 2008, this Court granted plaintiffs' motion to seal certain of plaintiffs' submissions containing confidential information about that agreement and certain dispute resolution proceedings.

BP has filed today its Motion to Compel Arbitration and Dismiss the Complaint in this action (the "Motion to Dismiss").  In its Memorandum in Support of that motion, BP discusses in detail the confidential terms of the contract at issue as well

as certain confidential dispute resolution proceedings. In further support of its motion, BP has also filed the Declaration of Bruce W. Hickey, dated May 23, 2008, which attaches as exhibits the contract in question, as well as other confidential agreements involving plaintiffs, and various submissions and communications that are also confidential.

BP has advised all parties who have appeared in this action of its intent to file the Motion to Dismiss, and all those parties have indicated that they agree the papers associated therewith should be kept confidential and further that they do not oppose this Motion to Seal those materials.

**ARGUMENT**

The D.C. Circuit has explained that the question whether to seal materials filed in the course of litigation "is one best left to the sound discretion of the trial court." *United States* v. *Hubbard*, 650 F.2d 293 316-17 (D.C. Cir. 1980) (quoting *Nixon* v. *Warner Comm'cs., Inc.*, 435 U.S. 589, 599 (1978)). This discretion is "to be exercised in light of the relevant facts and circumstances of the particular case." *Hubbard*, 650 F.2d at 317. Although there is a "'strong presumption in favor of public access to judicial proceedings,'" particularly with respect to "[a] court's decrees, its judgments, [and] its orders," that presumption is less compelling with regard to other court papers. *EEOC* v. *Nat'l Children's Ctr. Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996) (quoting *Johnson* v. *Greater Southeast Comm'ty Hosp. Corp.*, 951 F.2d 1268, 1277 (D.C. Cir. 1991). "Other portions of the record—such as documents filed with the court or introduced into evidence—often have a private character, diluting their role as public business." *EEOC*, 98 F.3d at 1409. Courts in this District consider six factors first articulated in *Hubbard*

that "act to overcome this presumption" favoring public access to court documents. These are:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*EEOC*, 98 F.3d at 1409 (citing *Hubbard*, 650 F.2d 317-22).

With respect to the materials that are the subject of this motion, all six *Hubbard* factors counsel toward permitting them to be filed under seal. Unlike this Court's judgments or orders, the documents BP is filing with the Court today have precisely the "private nature" that "dilut[es] their role as public business," thus minimizing any need for public access to these materials under factor one. *Id.* The private nature of these materials is further confirmed by the extent to which the parties have attempted to restrict public access to them consistent with factor two; plaintiffs have already moved for—and this Court has ordered—the sealing of plaintiffs' submissions detailing both the confidential terms of the contract at issue, as well as the status of the relevant dispute resolution proceedings. With respect to factor three, *all parties* that have appeared in this litigation agree these materials should be kept confidential and have not opposed this Motion to Seal. Moreover, the sensitive nature of the contract and dispute resolution proceedings at issue—all of which concern agreements among participants in the competitive oil and natural gas industry with respect to very valuable rights—establish that factors four and five's concerns regarding the parties' property and privacy

interests and the possibility of prejudice are implicated. And finally, the basic purpose of BP's submission of these materials—to demonstrate that plaintiffs should never have brought this case in the first place—establishes factor six's satisfaction.

## CONCLUSION

This Court should seal BP's Memorandum of Points and Authorities in Support of Its Motion to Compel Arbitration and Dismiss the Complaint, as well as the Declaration of Bruce W. Hickey, dated May 23, 2008, and the exhibits attached thereto.

Dated: Washington, D.C.
      May 23, 2008

Respectfully submitted,

/s/ Daryl A. Libow
Daryl A. Libow (D.C. Bar No. 446314)
Bruce W. Hickey (D.C. Bar No. 479036)
SULLIVAN & CROMWELL LLP
1701 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Phone: (202) 956-7500
Facsimile: (202) 293-6330

*Counsel for Defendants BP p.l.c.,
Lord Browne of Madingley,
Anthony Hayward, and Peter Sutherland*