UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
JACK J. GRYNBERG, GRYNBERG :
PRODUCTION CORPORATION (TX), :
GRYNBERG PRODUCTION CORPORATION :
(CO) and PRICASPIAN DEVELOPMENT :
CORPORATION (TX), :
: 
                  Plaintiffs, : Civil Action No. 1:08-cv-00301 JDB
     v. :
: 
BP p.l.c., STATOILHYDRO ASA, BG GROUP :
p.l.c., JOHN BROWNE, ANTHONY :
HAYWARD, PETER SUTHERLAND, :
HELGE LUND, EIVIND REITEN, :
ROBERT WILSON, FRANK CHAPMAN, :
: 
                  Defendants. :
: 
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**REPLY MEMORANDUM OF POINTS AND
AUTHORITIES OF LORD BROWNE OF MADINGLEY,
ANTHONY HAYWARD, AND PETER SUTHERLAND IN
FURTHER SUPPORT OF THEIR MOTION TO DISMISS
<u>THE COMPLAINT FOR LACK OF PERSONAL JURISDICTION</u>**

                              Daryl A. Libow (D.C. Bar No. 446314)
                              Bruce W. Hickey (D.C. Bar No. 479036)
                              SULLIVAN & CROMWELL LLP
                              1701 Pennsylvania Avenue, N.W.
                              Washington, D.C. 20006
                              Phone: (202) 956-7500
                              Facsimile: (202) 293-6330

                              *Counsel for Defendants BP p.l.c.,*
                              *Lord Browne of Madingley,*
                              *Anthony Hayward, and Peter Sutherland*

July 18, 2008

## TABLE OF CONTENTS

*Page*

TABLE OF AUTHORITIES ................................................................................................... ii

ARGUMENT .............................................................................................................................2

    I.     PLAINTIFFS HAVE FAILED TO PLEAD A PRIMA FACIE CASE FOR PERSONAL JURISDICTION OVER THE BP INDIVIDUAL OFFICERS. ...................................................................................................................2

          A.     Personal Jurisdiction Over the Individual BP Officers Must Be Pursuant to the District of Columbia Long-Arm Statute .............................2

          B.     The FCPA Does Not Provide a Basis for Asserting Personal Jurisdiction Over the Individual BP Officers ..............................................5

          C.     Plaintiffs Have Failed to Plead Conspiracy Jurisdiction .............................6

    II.    PLAINTIFFS ARE NOT ENTITLED TO CONDUCT JURISDICTIONAL DISCOVERY. ......................................................................7

    III.   LEAVE TO AMEND THE COMPLAINT SHOULD BE DENIED AS FUTILE. ...............................................................................................................9

CONCLUSION ........................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

CASES

\* *AGS International Services S.A.* v. *Newmont USA Ltd.*,
   346 F. Supp. 2d 64 (D.D.C. 2004) ............................................................................4

*Asahi Metals Industry Co.* v. *Superior Court of California*,
   480 U.S. 102 (1987) ..................................................................................................5

*Avianca, Inc.* v. *Corriea*,
   705 F. Supp. 666 (D.D.C. 1989) ..............................................................................3

*Bastin* v. *Federal National Mortgage Association*,
   104 F.3d 1392 (D.C. Cir. 1997) ..............................................................................8

*Bigwood* v. *United States Agency for International Development*,
   484 F. Supp. 2d 68 (D.D.C. 2007) ..........................................................................8

*Caribbean Broadcasting System, Ltd.* v. *Cable & Wireless PLC*,
   148 F.3d 1080 (D.C. Cir. 1998) ..............................................................................7

*Citicorp International Trading Co., Inc.* v. *Western Oil & Refining Co., Inc.*,
   771 F. Supp. 600 (S.D.N.Y. 1991) ..........................................................................5

*Daval Steel Products* v. *M.V. Juraj Dalmatinac*,
   718 F. Supp. 159 (S.D.N.Y. 1989) ..........................................................................7

*Doe I* v. *State of Israel*,
   400 F. Supp. 2d 86 (D.D.C. 2005) ......................................................................4, 8

*Dooley* v. *United Technologies Corp.*,
   803 F. Supp. 428 (D.D.C. 1992) ..............................................................................6

*Edmond* v. *United States Postal Service General Counsel*,
   949 F.2d 415 (D.C. Cir. 1991) ............................................................................7, 8

\* *FC Investment Group LC* v. *IFX Markets, Ltd.*,
   No. 07-7037, 2008 U.S. App. LEXIS 13312 (D.C. Cir. June 20, 2008) ........3, 4, 6, 7

*J.S. Service Center Corp.* v. *General Electric Technical Services Co., Inc.*,
   937 F.Supp. 216 (S.D.N.Y. 1996) ............................................................................5

*James Madison Ltd.* v. *Ludwig*,
   82 F.3d 1085 (D.C. Cir. 1996) ..................................................................................9

*Jungquist* v. *Sheikh Sultan Bin Khalifa Al Nahyan*,
    115 F.3d 1020 (D.C. Cir. 1997) ................................................................................6, 7

\* *Kopff* v. *Battaglia*,
    425 F. Supp. 2d 76 (D.D.C. 2006) ............................................................................4, 5

*Langenberg* v. *Sofair*,
    Case No. 03-CV8339 (KMK), 2006 U.S. Dist. LEXIS 65276
    (S.D.N.Y. September 11, 2006) .....................................................................................8

*National Wrestling Coaches Association* v. *Department of Education*,
    366 F.3d 930 (D.C. Cir. 2004) ......................................................................................9

*State of North Carolina ex rel. Long* v. *Alexander & Alexander Services, Inc.*,
    680 F. Supp. 746 (E.D.N.C. 1988) ................................................................................3

*PT United Can Co., Ltd.* v. *Crown Cork & Seal Co., Inc.*,
    138 F.3d 65 (2d Cir. 1998) ............................................................................................3

\* *World Wide Minerals Ltd.* v. *Republic of Kazakhstan*,
    116 F. Supp. 2d 98 (D.D.C. 2000) ............................................................................6, 7

### RULES AND STATUTES

18 U.S.C. § 1965(b) ...............................................................................................................3, 4

18 U.S.C. § 1965(d) ............................................................................................................1, 2, 3

D.C. Code § 13-423(a)(1)-(4) ......................................................................................................4

Fed. R. Civ. P. 12(b)(2) ..............................................................................................................10

Defendants Lord Browne of Madingley, Anthony Hayward, and Peter Sutherland (collectively, the "Individual BP Officers") respectfully submit this Reply Memorandum of Points and Authorities in Support of their Motion to Dismiss for Lack of Personal Jurisdiction (the "Motion") all claims asserted against them by plaintiffs Jack J. Grynberg, Grynberg Production Corporation (TX), Grynberg Production Corporation (CO), and Pricaspian Development Corporation (TX) in the Verified Complaint (the "Complaint" or "Compl.").

Plaintiffs' Opposition to the Motion (the "Opposition" or "Opp.") confirms that they have failed even to attempt to plead a *prima facie* case for this Court's exercise of personal jurisdiction over the Individual BP Officers. Tellingly, in the four-page "brief summary" of facts plaintiffs deem relevant to the Motion, plaintiffs do not once mention the Individual BP Officers, let alone identify a single fact pled in the Complaint connecting them to this District, or even to the United States. Instead, plaintiffs rehash the same lengthy, irrelevant account of the United States government's bribery allegations in the 2003 indictment against another individual (James Giffen), not a party to this litigation—an indictment that also nowhere mentions the Individual BP Officers (or defendant BP p.l.c. ("BP") for that matter), and which plaintiffs are forced to admit contains "nothing [that] suggests that BP . . . knew what Giffen was doing" (Opp. at 4-5).

Equally unavailing are plaintiffs' legal arguments, which demonstrate that plaintiffs have misapprehended the controlling principles of personal jurisdiction. Plaintiffs incorrectly argue that section 1965(d) of the RICO statute authorizes nationwide service of process on civil defendants, apparently unaware of both the D.C.

Circuit's June 20, 2008 decision rejecting this assertion, as well as the decisions of other courts in this District recognizing that the RICO statute does not authorize nationwide service on *foreign* defendants not resident in a U.S. judicial district.  Nor does the FCPA independently confer personal jurisdiction over the Individual BP Officers as plaintiffs contend; the law is clear that civil RICO plaintiffs relying on FCPA predicates must still independently establish personal jurisdiction over each defendant as in any other civil action.  Caselaw from this District is just as clear that plaintiffs' attempt to assert conspiracy jurisdiction is also unavailing in light of plaintiffs' failure to plead with particularity any overt act in furtherance of the conspiracy occurring in this District.  Finally, by not even attempting to plead facts establishing this Court's personal jurisdiction over the Individual BP Officers, plaintiffs have demonstrated no right either to conduct jurisdictional discovery or to futilely amend nonexistent jurisdictional allegations in the Complaint.

The claims against the Individual BP Officers should be dismissed for lack of personal jurisdiction.

**ARGUMENT**

**I.   PLAINTIFFS HAVE FAILED TO PLEAD A PRIMA FACIE CASE FOR PERSONAL JURISDICTION OVER THE BP INDIVIDUAL OFFICERS.**

**A.   Personal Jurisdiction Over the Individual BP Officers Must Be Pursuant to the District of Columbia Long-Arm Statute.**

Plaintiffs ask this Court to overlook their failure to satisfy the District of Columbia long-arm statute (*see generally* Motion at 3-4) by incorrectly arguing that "RICO provides for nationwide service of process" and citing section 1965(d) of the RICO statute.  (Opp. at 7 (citing 18 U.S.C. § 1965(d)).)  On June 20, 2008, however, the

Court of Appeals for the D.C. Circuit squarely rejected the proposition that section 1965(d) authorizes nationwide service of process.  *FC Inv. Group LC* v. *IFX Mkts, Ltd.*, No. 07-7037, 2008 U.S. App. LEXIS 13312, at *30-35 (D.C. Cir. June 20, 2008) ("'Reading all of the subsections of § 1965 together, the court finds that § 1965 does not provide for nationwide personal jurisdiction over every defendant in every civil RICO case, no matter where the defendant is found.'") (quoting *PT United Can Co. Ltd.* v. *Crown Cork & Seal Co.*, 138 F.3d 65, 70 (2d Cir. 1998).  Instead, consistent with the decisions of numerous other courts, the *FC Investment Group* court held that the relevant provision of section 1965 is subsection (b), which narrowly provides that:

> (b)  In any action under section 1964 of this chapter in any district court of the United States in which it is shown that the ends of justice require that *other parties residing in any other district* be brought before the court, the court may cause such parties to be summoned, and process for that purpose may be served in any judicial district of the United States by the marshal thereof.

18 U.S.C. § 1965(b) (emphasis added); *FC Inv. Group*, 2008 U.S. App. LEXIS 13312, at *30-35.  The plain language of this provision limits those non-resident defendants upon whom process may be served pursuant to the RICO statute to defendants "residing" in another judicial district of the United States, not a foreign country.  18 U.S.C. § 1965(b); *see Avianca, Inc.* v. *Corriea*, 705 F. Supp. 666, 684 (D.D.C. 1989) (RICO "does not provide for service of process in a foreign country"); *North Carolina* v. *Alexander & Alexander Servs., Inc.*, 680 F. Supp. 746, 749 (E.D.N.C. 1988) ("[T]he federal RICO statute does not provide for service on foreign defendants.").  Under section 1965, even assuming "that at least one defendant ha[s] minimum contacts with the District of Columbia . . . any additional foreign defendants must be served with process pursuant to

- 3 -

the District's long arm statute." *AGS Int'l Servs. S.A.* v. *Newmont USA Ltd.*, 346 F. Supp. 2d 64, 87 (D.D.C. 2004).

As plaintiffs plead in the Complaint, each of the Individual BP Officers is a foreign defendant who lives and/or works in London, England; none of them resides in a "judicial district of the United States." (Compl. ¶¶ 9-11.) Thus, plaintiffs may not establish a basis for personal jurisdiction by availing themselves of RICO's service of process provision, but must instead establish personal jurisdiction over the Individual BP Officers under the D.C. long-arm statute. *Doe I* v. *State of Israel*, 400 F. Supp. 2d 86, 120 (D.D.C. 2005) ("Absent a basis for jurisdiction under RICO, however, plaintiffs must satisfy the traditional personal jurisdiction analysis under the District of Columbia long-arm statute and due process, which the Court finds that plaintiffs have failed to do."); *AGS Int'l Servs.*, 346 F. Supp. 2d at 69.[1] As explained in the Motion, however, plaintiffs have made no attempt whatsoever to allege the specific facts required to bring each of the Individual BP Officers within either of the two variants of personal jurisdiction provided for by D.C. Code § 13-423(a)(1)-(4). (Mot. at 3-4.) Plaintiffs' claims against the Individual BP Officers must therefore be dismissed. *Kopff* v. *Battaglia*, 425 F. Supp. 2d 76, 83-84 (D.D.C. 2006).[2]

---

[1] Even assuming *arguendo* that 1965(b) did authorize plaintiffs to serve process on the Individual BP Officers, notwithstanding their residency outside of the United States, "jurisdiction is not automatic but requires a showing that the 'ends of justice' so require." *FC Inv. Group*, 2008 U.S. App. LEXIS 13312, at *34 ("This is an unsurprising limitation. . . . Congress has expressed a preference in § 1965 to avoid, where possible, haling defendants into far flung fora."). Plaintiffs have made no attempt to make such a showing in either the Complaint or in their Opposition. Moreover, given that the Complaint fails entirely even to identify a single act committed by any one of the Individual BP Officers, let alone one taking place in or having any impact in this District, it is clear that plaintiffs cannot possibly make such a showing that justice requires their presence in this litigation.

[2] Even assuming the governing test was contacts with the United States, as plaintiffs mistakenly contend (Opp. at 7-8), the Complaint is virtually devoid of allegations connecting the Individual BP

### B.     The FCPA Does Not Provide a Basis for Asserting Personal Jurisdiction Over the Individual BP Officers.

Plaintiffs argue in the Opposition that because they have alleged conduct by defendant BP they claim constitutes violations of the FCPA, this exposes the Individual BP Officers to "to both prosecution and civil enforcement under the FCPA." (Opp. at 8.)  To the extent that plaintiffs are asserting that this provides a basis for the exercise of personal jurisdiction over the Individual BP Officers in this private civil action—and plaintiffs carefully avoid actually reaching this unfounded conclusion—such an argument finds no support in caselaw or the text of the FCPA itself.  Plaintiffs concede as much, citing only two complaints filed by the United States Securities and Exchange Commission—not a private litigant—against U.S. residents—not foreign nationals—for this novel proposition, rather than any caselaw concerning the FCPA.[3]  (Opp. at 9.) Plaintiffs nowhere mention in the Opposition, however, that they have not asserted any claims under the FCPA in this case—nor could they, as it is well-settled that the statute does not provide a private right of action.  *See, e.g.*, *Citicorp Int'l Trading Co., Inc.* v. *W. Oil & Ref. Co., Inc.*, 771 F. Supp. 600, 606 (S.D.N.Y. 1991) (no private right of action under FCPA's bribery provisions); *J.S. Serv. Center Corp.* v. *Gen. Elec. Technical*

---

Officers with this country—certainly none which relate to plaintiffs' claims—let alone sufficient jurisdictional facts to support plaintiffs' perfunctory attempt at satisfying the *Asahi* factors test (Opp. at 12 (citing *Asahi Metals Indus. Co.* v. *Superior Court*, 480 U.S. 102, 112 (1987)).

3      The only caselaw cited by plaintiffs with respect to this "argument" are a handful of cases standing for the unexceptional proposition that corporate officers may, in certain limited circumstances, be held liable for corporate conduct in violation of a statute where those officers participated in or controlled such conduct. (Opp. at 10.) In none of these cases, however, was any issue even raised regarding personal jurisdiction, let alone the possibility that such potential liability was itself a basis for personal jurisdiction as plaintiffs here seem incorrectly to imply. *See Kopff*, 425 F. Supp. 2d at 80 ("Whether or not the allegations would support a finding of liability if proven, there still must be a judicial determination (absent consent or waiver by the defendant) that each defendant is properly subject to the jurisdiction of the forum.").

*Services Co., Inc.*, 937 F. Supp. 216, 227 (S.D.N.Y. 1996) (same). Instead, plaintiffs merely purport to have raised *civil* RICO claims predicated on FCPA violations, which require plaintiffs to demonstrate an independent basis for personal jurisdiction over each defendant. *Cf. Dooley* v. *United Technologies Corp.*, 803 F. Supp. 428, 440 (D.D.C. 1992) (requiring plaintiff to demonstrate personal jurisdiction over RICO defendant accused of FCPA violations). As explained above, and in the Motion, plaintiffs have completely failed to demonstrate any such required basis for personal jurisdiction over the Individual BP Officers.

### C. Plaintiffs Have Failed to Plead Conspiracy Jurisdiction.

Plaintiffs' contention that the Individual BP Officers are subject to jurisdiction under a theory of conspiracy jurisdiction similarly finds no support in controlling caselaw. "Most courts utilize conspiracy jurisdiction warily and require that a plaintiff 'plead with particularity the conspiracy as well as the overt acts within the forum." *World Wide Minerals Ltd.* v. *Republic of Kazakhstan*, 116 F. Supp. 2d 98, 108 (D.D.C. 2000) (quoting *Jungquist* v. *Sheikh Sultan Bin Khalifa Al Nahyan*, 115 F.3d 1020, 1031 (D.C. Cir. 1997)); *FC Inv. Group*, 2008 U.S. App. LEXIS 13312, at *27 ("'[B]ald speculation' or a 'conclusory statement' that individuals are co-conspirators is insufficient to establish personal jurisdiction under a conspiracy theory.'") (quoting *Jungquist*, 115 F.3d at 1031) (modification in original). Here, not only have plaintiffs completely failed to plead any overt act in the District of Columbia, they have similarly failed to plead even a single act by the Individual BP Officers—let alone an act connecting them to any purported conspiracy. Instead, plaintiffs merely assert that "given RICO's nationwide service provision and Giffen's New York residence, no more

- 6 -

is needed to establish jurisdiction over these Defendants." (Opp. at 12.)[4] As with their other unsuccessful arguments for jurisdiction, plaintiffs' complete disregard for the standards for pleading and establishing conspiracy jurisdiction dooms this theory as well.

## II. PLAINTIFFS ARE NOT ENTITLED TO CONDUCT JURISDICTIONAL DISCOVERY.

Jurisdictional discovery is inappropriate where, as in the instant case, plaintiffs fail entirely even to allege facts from which a court properly could infer the existence of jurisdiction. *See Caribbean Broad. Sys., Ltd.* v. *Cable & Wireless PLC*, 148 F.3d 1080, 1089 (D.C. Cir. 1998) (holding district court properly exercised discretion to deny jurisdictional discovery where "[plaintiff] has alleged absolutely nothing, upon either information or belief, to indicate that a court in the District of Columbia might constitutionally assert jurisdiction over [defendant]"). "The mere commencement of a lawsuit, without the support of a threshold showing of jurisdictional prerequisites, should not entitle the party to use the court processes to attempt to find support for having commenced the litigation. That should have been done before the litigation began . . . ." *Daval Steel Prods.* v. *M.V. Juraj Dalmatinac*, 718 F. Supp. 159, 162 (S.D.N.Y. 1989). This is particularly true here where plaintiffs have made no attempt to satisfy their jurisdictional burden, and have made clear in the Opposition that they have

---

[4] Plaintiffs cite only to the D.C. Circuit's opinion in *Edmond* v. *United States Postal Serv. Gen'l Counsel*, 949 F.2d 415, 425 (D.C. Cir. 1991) for the proposition that "[a] co-conspirator's amenability to jurisdiction subjects all conspirators to jurisdiction under a theory of conspiracy jurisdiction." (Mot. at 11.) *Edmond*, however, stands for no such simple principle. Instead, consistent with the *World Wide Minerals*, *Jungquist*, and *FC Investment Group* cases cited *supra*, *Edmond* emphasized that plaintiffs seeking to establish conspiracy jurisdiction must, at a minimum, plead "(1) the existence of a conspiracy, (2) the nonresident's participation, and (3) an injury-causing act of the conspiracy within the forum's boundaries." 949 F.2d at 425. Plaintiffs have satisfied none of these requirements.

misapprehended the controlling jurisdictional requirements.[5] *See supra* pp. 2-6. And far from adopting a "lax standard" for ordering jurisdictional discovery (Opp. at 13), the D.C. Circuit in *Edmond* took care to explain that jurisdictional discovery was warranted in that case because the plaintiff had "specifically alleged" crucial jurisdictional facts concerning the nonresident defendants, *see supra* note 4. Here, by contrast, plaintiffs allege virtually nothing concerning the Individual BP Officers in the Complaint, and similarly fail to marshal any jurisdictional facts in the Opposition connecting them to this District. Accordingly, plaintiffs' request for "[d]iscovery need not be granted to allow plaintiff[s] to engage in an unfounded fishing expedition for jurisdictional facts." *Langenberg* v. *Sofair*, No. 03 CV 8339, 2006 U.S. Dist. LEXIS 65276, at *23-24 (S.D.N.Y. Sept. 11, 2006); *Bastin* v. *Fed. Nat'l Mortgage Ass'n*, 104 F.3d 1392, 1396 (D.C. Cir. 1997) ("The district court does not abuse its discretion when it denies a discovery request that would amount to nothing more than a fishing expedition.").

---

[5] In a belated effort to assert a basis for either personal jurisdiction or jurisdictional discovery, plaintiffs improperly attempt to introduce *in their Opposition* various purported contacts between the Individual BP Officers and the United States—not the relevant jurisdiction, *i.e.*, the District of Columbia. (Opp. at 13 ("[E]ach of these men have additional contacts with the United States.").) Having ignored their obligation to plead a *prima facie* case for jurisdiction, plaintiffs may not now attempt to roll back the clock and do so—*for the first time*—in their Opposition and its supporting materials. *Bigwood* v. *U.S. Agency for Int'l. Dev.*, 484 F. Supp. 2d 68, 71-2 (D.D.C. 2007) ("[A] plaintiff[] may not amend [his] complaint through [his] opposition papers.") (citing *Doe I* v. *State of Israel*, 400 F. Supp. 2d 86, 100 (D.D.C. 2005). In any event, plaintiffs are able only to identify a handful of *international* organizations and companies (that happen to have U.S. offices) with which they claim the Individual BP Officers have some affiliation, and fail even to speculate that such affiliations could possibly have involved any contacts with the District of Columbia.

### III.    LEAVE TO AMEND THE COMPLAINT SHOULD BE DENIED AS FUTILE.

Upon granting this motion to dismiss, this Court should deny plaintiffs leave to further amend their complaint as futile. *Nat'l Wrestling Coaches Ass'n* v. *Dep't of Educ.*, 366 F.3d 930, 945 (D.C. Cir. 2004); *James Madison Ltd.* v. *Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996). Plaintiffs' vague suggestion that they might amend the allegations pertaining to the Individual BP Officers with unspecified "facts suggesting general jurisdiction" or "more particularized" allegations "concerning their respective roles at BP" (Opp. at 14) only confirms their complete inability to make a *prima facie* showing of personal jurisdiction over any of these defendants. This conclusion is bolstered by their demonstrated refusal to acknowledge the controlling standards for establishing personal jurisdiction over these foreign individual defendants. *See supra* pp. 2-6. Finally, even assuming *arguendo* that plaintiffs could somehow muster a *prima facie* showing of personal jurisdiction over the Individual BP Officers, dismissal of all of plaintiffs' claims against these defendants would still be required for the reasons set forth in BP's Memorandum of Points and Authorities in Support of Its Motion to Compel Arbitration and Dismiss the Complaint, filed May 23, 2008. As set forth in that Motion, all of plaintiffs' claims are subject to both arbitration in light of the agreement discussed therein, as well as dismissal, given plaintiffs' release of all such claims and plaintiffs' complete failure to allege even a single act by the Individual BP Officers in connection with the claims asserted against them. Thus, amendment of the Complaint in an attempt to supply the missing *prima facie* showing of personal jurisdiction over the Individual BP Officers would be futile.

## CONCLUSION

This Court should dismiss all claims against the Individual BP Officers for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

Dated:  Washington, D.C.
July 18, 2008

                                        Respectfully submitted,

                                        /s/ Daryl A. Libow
Daryl A. Libow (D.C. Bar No. 446314)
Bruce W. Hickey (D.C. Bar No. 479036)
SULLIVAN & CROMWELL LLP
1701 Pennsylvania Avenue, N.W.
Washington, D.C.  20006
Phone:  (202) 956-7500
Facsimile:  (202) 293-6330

*Counsel for Defendants BP p.l.c.,*
*Lord Browne of Madingley,*
*Anthony Hayward, and Peter Sutherland*