UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---------------------------------------- x
JACK J. GRYNBERG, GRYNBERG :
PRODUCTION CORPORATION (TX), :
GRYNBERG PRODUCTION CORPORATION :
(CO) and PRICASPIAN DEVELOPMENT :
CORPORATION (TX), :
:
         Plaintiffs, : Civil Action No. 1:08-cv-00301 JDB
   v. :
:
BP p.l.c., STATOILHYDRO ASA, BG GROUP :
p.l.c., JOHN BROWNE, ANTHONY :
HAYWARD, PETER SUTHERLAND, :
HELGE LUND, EIVIND REITEN, :
ROBERT WILSON, FRANK CHAPMAN, :
:
         Defendants. :
:
---------------------------------------- x

# MEMORANDUM OF POINTS AND AUTHORITIES OF DEFENDANTS LORD BROWNE OF MADINGLEY, ANTHONY HAYWARD, AND PETER SUTHERLAND IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SUR-OPPOSITION

Daryl A. Libow (D.C. Bar No. 446314)
Bruce W. Hickey (D.C. Bar No. 479036)
SULLIVAN & CROMWELL LLP
1701 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Phone: (202) 956-7500
Facsimile: (202) 293-6330

*Counsel for Defendants BP p.l.c.,*
*Lord Browne of Madingley,*
*Anthony Hayward, and Peter Sutherland*

August 6, 2008

Defendants Lord Browne of Madingley, Anthony Hayward, and Peter Sutherland (the "Individual BP Officers") respectfully submit this Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion for Leave to File a Surreply (what plaintiffs have styled a "Sur-Opposition"), to the extent that that surreply addresses the D.C. Circuit Court of Appeals' decision in *FC Investment Group LC* v. *IFX Markets, Ltd.*, 529 F.3d 1087 (D.C. Cir. 2008). Tellingly, plaintiffs' Motion nowhere mentions— let alone attempts to satisfy—the standards governing the permissibility of filing surreplies in this District. The governing rules simply do not contemplate the filing of a surreply, and the controlling law makes clear the impropriety of plaintiffs' belated attempt to address a decision that issued nearly a week *before* plaintiffs filed their Opposition to the Individual BP Officers' Motion to Dismiss. In their Opposition, plaintiffs raised the argument rejected by the Court of Appeals' decision in *FC Investment*, a decision plaintiffs concede they were unaware of and thus failed to address in their Opposition when they had the chance. In relying on that decision, the Individual BP Officers manifestly did not raise a *new* issue in their Reply, but rather pointed out to plaintiffs controlling law that they are presumed to have had knowledge of under this District's law. *United States ex rel. Pogue* v. *Diabetes Treatment Ctrs. of Am., Inc.*, 238 F. Supp. 2d 270, 277 (D.D.C. 2002). Having simply failed to identify a case relied upon by the Individual BP Officers, plaintiffs are not entitled to file another pleading to make arguments they should have—and could have—made back in June.

Plaintiffs' Motion for Leave should be denied and their "Sur-Opposition" brief ("Surreply") should be stricken.

**ARGUMENT**

**I.     PLAINTIFFS ARE NOT ENTITLED TO FILE A SURREPLY.**

"The Local Rules do not provide for the filing of a surreply, nor do the Federal Rules of Civil Procedure." *Arakelian* v. *Nat'l W. Life Ins. Co.*, 126 F.R.D. 1, 6 (D.D.C. 1989); *see also GFL Advantage Fund, Ltd.* v. *Colkitt*, 216 F.R.D. 189, 197 (D.D.C. 2003) ("Our local rules contemplate only three filings when a motion is filed, the motion, the opposition and the reply to the opposition."). "A surreply may be filed only by leave of Court, and only to address *new* matters raised in a reply, to which a party would otherwise be unable to respond." *Pogue*, 238 F. Supp. 2d at 276-77 (emphasis added) (citing *Robinson* v. *The Detroit News, Inc.*, 211 F. Supp. 2d 101, 112 (D.D.C. 2002) ("The standard for granting leave to file a surreply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply." )). "The matter must be truly new," and not one the movant simply failed to address in its opposition papers. *United States* v. *Baroid Corp.*, 346 F. Supp. 2d 138, 143-44 (D.D.C. 2004) ("That [movant] failed to put forth its best case in its opposition is not grounds for permitting a surreply."). "A surreply is most appropriate where the new matter introduced is factual" in nature, and not an existing legal decision that the movant could previously have addressed. *Pogue*, 238 F. Supp. 2d at 276 ("In short, while the Court doubts that the existence of statutory or case law can ever be 'new matter' so as to permit the filing of a surreply, that certainly is not the case here.").

The Individual BP Officers' Reply raised no "new matters," and thus it would be inappropriate for plaintiffs to be granted leave to file their proposed surreply. *Baroid*, 346 F. Supp. 2d at 143. The only purportedly "new matter" identified by

plaintiffs with respect to the Individual BP Officers' Reply is the citation to the D.C. Circuit's decision in *FC Investment Group*—a decision that issued almost a week before plaintiffs filed their Opposition to the Individual BP Officers' Motion to Dismiss. Plaintiffs' concede—as they must—that they had six days to review and incorporate the *FC Investment Group* decision into their June 26 Opposition, but that they failed to do so because they were unaware of the decision. (Mot. at 2.) However, in this District, "[a]n attorney is presumed to know the law," thus it is "doubt[ful] that the existence of statutory or case law can ever be 'new matter' so as to permit the filing of a surreply." *Pogue*, 238 F. Supp. 2d at 277 (citing *Pyramid Controls, Inc.*, v. *Siemens Indus. Automations, Inc.*, 176 F.R.D. 269, 273 (N.D. Ill. 1997)). *See also McCoy* v. *Texas Dep't of Criminal Justice*, C.A. No. C-05-370, 2006 WL 2434289, at *1 n.1 (S.D. Tex. Aug. 21, 2006) ("The mere fact that the movant cites new cases and makes new 'arguments' [in its Reply] is not alone sufficient [to justify a surreply].")

Plaintiffs' request to file a surreply is particularly inappropriate given that it was plaintiffs who, in their Opposition, first raised the issues of conspiracy jurisdiction and nationwide service of process under RICO—the only issues for which the Individual BP Officers cited to the *FC Investment Group* decision in their Reply. (Opp. at 7-8, 11-12; Reply at 2-4, 6-7.) "Here, the defendants' reply does not raise any new matters; rather, the defendants merely respond to the plaintiff[s'] arguments contained in [their] opposition." *Lightfoot* v. *Dist. of Columbia*, No. 04-1280 (RBW), 2006 U.S. Dist. LEXIS 1358, at *2 n.2 (D.D.C. January 10, 2006) (denying leave to file a surreply); *see also GFL Advantage Fund*, 216 F.R.D. at 197 ("GFL's reply brief raises no new arguments which Womble Carlyle would have been unable to contest without the filing

- 3 -

of its sur-reply. The reply brief merely addresses the arguments made by Womble Carlyle in its opposition papers."). "That [plaintiffs] failed to put forth [their] best case in [their] opposition is not grounds for permitting a surreply." *Baroid*, 346 F. Supp. 2d at 144; *see also Tnaib* v. *Document Techs., LLC*, 450 F. Supp. 2d 87, 89 (D.D.C. 2006) ("[T]he court notes that the plaintiff's counsel's attempts to make arguments that he should have made in his opposition brief constitute sloppy lawyering, regardless of his attempts to correct his failures through a surreply."). Plaintiffs' Motion for Leave should be denied and their "Sur-Opposition" brief stricken.

## II.    PLAINTIFFS MISCONSTRUE THE COURT OF APPEALS' DECISION IN *FC INVESTMENT*.

Even if the Court were to grant plaintiffs' motion to file a surreply, the proposed surreply misapprehends the relevant holdings of the *FC Investment Group* decision. Although conceding that the "opinion changed the law in this Circuit with regards to RICO's nationwide service of process provision," plaintiffs then ignore the implications of this decision for their argument about service of foreign defendants under the RICO statute. (Surreply at 1.) Plaintiffs assert that "'the ends of justice'" require that this Court assert jurisdiction over the Individual BP Officers because defendant BP p.l.c. has not contested jurisdiction in this case. (Surreply at 2-3 (quoting 18 U.S.C. § 1965(b)); *see also id.* at 3 ("It is perfectly reasonable and consonant with due process to sue individual BP Defendants for their respective roles in a Civil RICO conspiracy in a District in which BP is actively conducting business.").) Plaintiffs fail to mention the *FC Investment Group* Court's observation that section 1965(b)'s "ends of justice" requirement is "an unsurprising limitation" for precisely the reason that makes the

assertion of jurisdiction over the Individual BP Officers improper—because "Congress has expressed a preference in § 1965 to avoid, where possible, haling defendants into far flung fora." 529 F.3d at 1100. Plaintiffs also omit the plain language of section 1965(b) quoted by *FC Investment Group*, which reflects this Congressional preference by limiting those non-resident co-defendants who may be served under the statute to "other parties residing *in any other district*" of the United States—not foreign defendants. 529 F.3d at 1099 (quoting 18 U.S.C. § 1965(b)) (emphasis added). (*See also* Reply at 3-4 (collecting cases).)

Plaintiffs also assert that "the FC Investment case reaffirms the viability of conspiracy jurisdiction in Civil RICO cases." (Surreply at 2.) Plaintiffs ignore completely, however, the decision's analysis of the issue, which "reaffirm[ed]" not just "the viability of conspiracy jurisdiction," but also that theory's demanding requirement that "the plaintiff must plead with particularity overt acts within the forum taken in furtherance of the conspiracy." *FC Investment Group*, 529 F.3d at 1097 (rejecting conspiracy jurisdiction theory where plaintiffs "failed to plead the conspiracy with particularity") (internal quotation marks omitted). *FC Investment Group* makes clear that where, as here, plaintiffs have failed to allege any overt act in the District of Columbia, or even a single act committed by any one of the Individual BP Officers, plaintiffs' conclusory assertions of "conspiracy" in the Surreply are insufficient to establish jurisdiction. *Id.* (observing that "bald speculation or a conclusory statement that individuals are co-conspirators is insufficient to establish personal jurisdiction under a conspiracy theory.") (internal quotation marks omitted).

## CONCLUSION

Plaintiffs' Motion for Leave should be denied and their "Sur-Opposition" brief stricken.

Dated: Washington, D.C.
August 6, 2008

Respectfully submitted,

_____/s/ Daryl A. Libow_____
Daryl A. Libow (D.C. Bar No. 446314)
Bruce W. Hickey (D.C. Bar No. 479036)
SULLIVAN & CROMWELL LLP
1701 Pennsylvania Avenue, N.W.
Washington, D.C.  20006
Phone:  (202) 956-7500
Facsimile:  (202) 293-6330

*Counsel for Defendants BP p.l.c.,*
*Lord Browne of Madingley,*
*Anthony Hayward, and Peter Sutherland*