UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| JACK J. GRYNBERG; GRYNBERG PRODUCTION CORPORATION (TX); GRYNBERG PRODUCTION CORPORATION (CO); and PRICASPIAN DEVELOPMENT CORPORATION (TX),<br><br>Plaintiffs,<br><br>v.<br><br>BP P.L.C., a United Kingdom corporation d/b/a BP CORP NORTH AMERICA INC., an Indiana corporation; STATOILHYDRO ASA, a Norwegian corporation; BG GROUP P.L.C., a United Kingdom corporation d/b/a BG NORTH AMERICA, LLC, a Texas corporation; JOHN BROWNE; ANTHONY HAYWARD; PETER SUTHERLAND; HELGE LUND; EIVIND REITEN; ROBERT WILSON; and FRANK CHAPMAN,<br><br>Defendants. | Civil Action No. 08-cv-301<br><br>Judge John D. Bates |

### BG GROUP P.L.C.'S MOTION TO SEAL AND MEMORANDUM IN SUPPORT

Pursuant to Local Civil Rule 5.1(j), Defendant BG Group P.L.C. ("BG") respectfully requests that the Court seal (i) the Memorandum in Support of BG Group P.L.C.'s (1) Motion to Set Aside Entry to Default, for Relief from Filing Verified Answer, and to Compel Arbitration and Dismiss and (2) Opposition to Motion for Default Judgment, and (ii) the Appendix to BG Group P.L.C.'s (1) Motion to Set Aside Entry to Default, for Relief from Filing Verified Answer, and to Compel Arbitration and Dismiss and (2) Opposition to Motion for Default Judgment.

### STATEMENT OF RELEVANT FACTS

As plaintiffs Jack J. Grynberg, Grynberg Production Corporation (TX), Grynberg Production Corporation (CO), and Pricaspian Development Corporation (TX) (collectively, "Plaintiffs") have previously explained to this Court in a Motion to Seal, this case concerns

50090707.1

Plaintiffs' rights and obligations under a contract whose terms are strictly confidential. *See* Docket Entry 5, Affidavit of Jack J. Grynberg ¶ 2. Plaintiffs have further acknowledged that certain dispute resolution proceedings that are held pursuant to that contract are relevant to this litigation and similarly protected by confidentiality obligations under both the contract and a separate undertaking. *Id.*, Affidavit of Jack J. Grynberg ¶¶ 1-2; *see also* Docket Entry 5, Plaintiffs' Motion to Seal and Plaintiffs' Memorandum of Points and Authorities in Support Thereof, filed on or about February 21, 2008; *and* Docket Entry 5, Declaration of Daniel L. Abrams, sworn to on or about February 21, 2008, ¶¶ 3-6. By Minute Order, this Court granted plaintiffs' Motion to Seal. *See* Docket Entry dated April 3, 2008.

BG has filed a (1) Motion to Set Aside Entry to Default, for Relief from Filing Verified Answer, and to Compel Arbitration and Dismiss and (2) Opposition to Motion for Default Judgment (the "Motion"). In its Memorandum in Support of that Motion, BG discusses in detail the confidential terms of the contract at issue as well as certain confidential dispute resolution proceedings. In support of its Motion and Memorandum in Support, BG also has filed an Appendix that includes the contract in question and other confidential documents, as follows:

| Exhibit | Description |
|---|---|
| A | Declaration of John N. Craig. |
| B | Declaration of Jason Tunnicliffe. |
| C | Declaration of Layne E. Kruse. |
| C-1 | Letter from Jack J. Grynberg dated March 14, 2006. |
| C-2 | Draft Complaint in the Texas Derivative Lawsuit. |
| C-3 | BG Group P.L.C. SEC Form 15F, Termination of Registration. |
| C-4 | BG Group P.L.C. SEC Form 25, Notification of Removal from Listing. |

| Exhibit | Description |
|---|---|
| C-5 | The Court Record in *BG Int'l Ltd. v. Grynberg*, No. 0801-06965, Court of Queen's Bench of Alberta, Canada, as redacted by BG. |

## ARGUMENT

The question whether to seal materials filed in the course of litigation is "left to the sound discretion of the trial court." *United States v. Hubbard*, 650 F.2d 293, 316-17 (D.C. Cir. 1980). This discretion is "to be exercised in light of the relevant facts and circumstances of the particular case." *Id.* at 317. Although there is a "'strong presumption in favor of public access to judicial proceedings,'" particularly with respect to "[a] court's decrees, its judgments, [and] its orders," that presumption is less compelling with regard to other court papers. *EEOC v. Nat'l Children's Ctr. Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996). "Other portions of the record—such as documents filed with the court or introduced into evidence—often have a private character, diluting their role as public business." *Id.*

Courts in this District consider six factors that "act to overcome th[e] presumption" favoring public access to court documents:

(1) the need for public access to the documents at issue;

(2) the extent of previous public access to the documents;

(3) the fact that someone has objected to disclosure, and the identity of that person;

(4) the strength of any property and privacy interests asserted;

(5) the possibility of prejudice to those opposing disclosure; and

(6) the purposes for which the documents were introduced during the judicial proceedings.

*Id.* (citing *Hubbard*, 650 F.2d 317-22). All six of these factors support permitting the materials that are the subject of this motion to be filed under seal.

Under the first factor, the need for public access to the documents BG is filing is minimized because, unlike court judgments or orders, those documents have precisely the "private nature" described in *Hubbard* that "dilut[es] their role as public business." *Id.* The private nature of these materials is further confirmed by the extent to which the plaintiffs have attempted to restrict public access to them consistent with factor two: plaintiffs have already moved for—and this Court has ordered—the sealing of plaintiffs' submissions detailing both the confidential terms of the contract at issue, as well as the status of the relevant dispute resolution proceedings. *See* Docket Entries 31, 33.

With respect to factor three, all parties that have appeared in this litigation have filed similar motions to seal, all of which have been granted by the Court. *See* Docket Entries 24, 25, 27, 31, 33. Moreover, the sensitive nature of the contract and dispute resolution proceedings at issue—all of which concern agreements among participants in the competitive oil and natural gas industry with respect to very valuable rights—establish that factors four and five are implicated, regarding the parties' property and privacy interests and the possibility of prejudice. Finally, the basic purpose of BG's submission of these materials—to demonstrate that plaintiffs should never have brought this case in the first place—is consistent with factor six.

## CONCLUSION

For the forgoing reasons, BG respectfully requests that the Court seal (i) the Memorandum in Support of BG Group P.L.C.'s (1) Motion to Set Aside Entry to Default, for Relief from Filing Verified Answer, and to Compel Arbitration and Dismiss and (2) Opposition to Motion for Default Judgment; and (ii) the Appendix to BG Group P.L.C.'s (1) Motion to Set Aside Entry to Default, for Relief from Filing Verified Answer, and to Compel Arbitration and Dismiss and (2) Opposition to Motion for Default Judgment and all exhibits included therein.

Respectfully submitted,


*/s/ Robert A. Burgoyne*
Robert A. Burgoyne
D.C. Bar No. 366757
Jonathan Franklin
D.C. Bar No. 430027
801 Pennsylvania Avenue, N.W., Suite 500
Washington, DC  20004-2623
Telephone:  202-662-0200
Facsimile:  202-662-4643

Layne E. Kruse, *pro hac vice*
Texas Bar No. 11742550
Anne M. Rodgers, *pro hac vice*
Texas Bar No. 17133025
1301 McKinney, Suite 5100
Houston, Texas  77010
Telephone:  713-651-5151
Facsimile:  713-651-5246

ATTORNEYS FOR DEFENDANT
BG GROUP P.L.C.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 13th day of August, 2008, a true and correct copy of the foregoing document was electronically transmitted to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Kelly Pride Hebron
Daniel L. Abrams
*Attorneys for Plaintiffs*

Daryl Andrew Libow
Bruce William Hickey
*Attorneys for Defendants BP P.L.C., John Browne,
Anthony Hayward, and Peter Sutherland*

Paul T. Weinstein
Kenneth Marc Bialo
Matthew Kennedy McCoy
*Attorneys for Defendant STATOILHYDRO ASA*

/s/ *Robert A. Burgoyne*
Robert A. Burgoyne

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| JACK J. GRYNBERG; GRYNBERG PRODUCTION CORPORATION (TX); GRYNBERG PRODUCTION CORPORATION (CO); and PRICASPIAN DEVELOPMENT CORPORATION (TX),<br><br>Plaintiffs,<br><br>v.<br><br>BP P.L.C., a United Kingdom corporation d/b/a BP CORP NORTH AMERICA INC., an Indiana corporation; STATOILHYDRO ASA, a Norwegian corporation; BG GROUP P.L.C., a United Kingdom corporation d/b/a BG NORTH AMERICA, LLC, a Texas corporation; JOHN BROWNE; ANTHONY HAYWARD; PETER SUTHERLAND; HELGE LUND; EIVIND REITEN; ROBERT WILSON; and FRANK CHAPMAN,<br><br>Defendants. | Civil Action No. 08-cv-301<br><br>Judge John D. Bates |

## ORDER

Upon consideration of BG Group P.L.C.'s Motion to Seal and Memorandum in Support, plaintiffs' opposition thereto (if any), and BG Group P.L.C.'s reply in support thereof (if any), it is hereby

ORDERED, that BG Group P.L.C.'s Motion to Seal be, and the same hereby is, GRANTED. The Memorandum of Law in Support of BG Group P.L.C.'s (1) Motion to Set Aside Entry of Default, for Relief from Filing Verified Answer, and to Compel Arbitration and Dismiss and (2) Opposition to Motion for Default Judgment is hereby sealed. The Appendix to BG Group P.L.C.'s (1) Motion to Set Aside Entry of Default, for Relief from Filing Verified Answer, and to Compel Arbitration and Dismiss and (2) Opposition to Motion for Default Judgment, including the following exhibits, is hereby sealed:

-2-

| Exhibit | Description |
|---|---|
| A | Declaration of John N. Craig. |
| B | Declaration of Jason Tunnicliffe. |
| C | Declaration of Layne E. Kruse. |
| C-1 | Letter from Jack J. Grynberg dated March 14, 2006. |
| C-2 | Draft Complaint in the Texas Derivative Lawsuit. |
| C-3 | BG Group P.L.C. SEC Form 15F, Termination of Registration. |
| C-4 | BG Group P.L.C. SEC Form 25, Notification of Removal from Listing. |
| C-5 | The Court Record in *BG Int'l Ltd. v. Grynberg*, No. 0801-06965, Court of Queen's Bench of Alberta, Canada, as redacted by BG. |

SO ORDERED this _____ day of _____, 2008.

_____
United States District Judge