## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**JACK J. GRYNBERG, et al.,**

　　　**Plaintiffs,**

　　　**v.**                                         **Civil Action No. 08-301 (JDB)**

**BP P.L.C., et al.,**

　　　**Defendants.**

## MEMORANDUM OPINION

　　　Today the Court has issued a memorandum opinion denying plaintiff Jack Grynberg's Rule 60 motion. Also pending before the Court is defendants' motion to seal the exhibits attached to their Rule 60 opposition.[1] See Defs.' Rule 60 Mot. to Seal [ECF No. 129]. While briefing defendants' motion, the parties successfully narrowed the range of disputed exhibits. Grynberg has agreed that seven exhibits may remain under seal. Defendants have agreed that more than two dozen others should be unsealed. Ten exhibits remain in dispute. See Stipulation [ECF No. 143] at 2. The disputed exhibits include two complaints filed by Grynberg and his corporations in the underlying arbitration, the arbitrator's 2013 award, the transcript of the September 2013 arbitration meeting, and various written correspondence related to the arbitration.[2] As to those ten exhibits, defendants' motion to seal will be denied.

---

[1] The parties have already worked through a similar sealing dispute, which related to exhibits filed by defendants in opposition to Grynberg's motion for a Rule 26 conference. That sealing dispute was resolved by a stipulation of the parties that was subsequently memorialized in a March 1, 2016 Court Order. See Order [ECF No. 135]. Briefs submitted during that dispute contain analysis relevant to this one and will therefore be cited throughout this Memorandum Opinion.

[2] The ten disputed exhibits are docketed at ECF Nos. 129-15, 24, 25, 30, 31, 33, 39, 44, 48, 49. See Stipulation at 2.

"[T]he starting point in considering a motion to seal court records is a strong presumption in favor of public access to judicial proceedings." EEOC v. Nat'l Children's Ctr., Inc., 98 F.3d 1406, 1409 (D.C. Cir. 1996) (internal quotation marks omitted).  The D.C. Circuit has identified six factors that might act to overcome this presumption:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interest asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

Id. (citing United States v. Hubbard, 650 F.2d 293, 317–22 (D.C. Cir. 1980)).  Barely engaging with the Hubbard factors, the defendants fail to rebut the strong presumption that the disputed exhibits should be filed on the public docket.[3]  Some of the Hubbard factors actually weigh in favor of public access.  Others, to the extent they weigh against disclosure, are not sufficiently weighty to overcome the presumption.

First, "there is a need for public access in those instances where the documents at issue are specifically referred to in the trial judge's public decision." Nat'l Children's Ctr., 98 F.3d at 1409 (internal quotation marks and alterations omitted).  Here, the Court has found it necessary to rely extensively in its Rule 60 decision on the arbitrator's 2013 award and the September 2013 arbitration meeting transcript.  As a result, there is a strong public need for those exhibits.  The sixth Hubbard factor also favors disclosure of all the disputed exhibits.  Defendants submitted the exhibits in order to convince the Court that Grynberg's claims of arbitral bias are unsubstantiated.

---

[3] Arguing that Hubbard does not apply, defendants relegate any analysis of its factors to the footnotes of their papers.  See, e.g., Defs.' Rule 26 Sealing Reply [ECF No. 130] at 7–8 & n.4.  The Court thinks that position is incorrect—and confusing.  In support of their present motion, defendants rely on briefs submitted in support of prior sealing requests.  And in those briefs, defendants rely on the Hubbard factors to structure the analysis.  See Ex. A to Defs.' Rule 26 Sealing Reply [ECF No. 130-2] at 4–5.

Having done so, they cannot easily claim that the exhibits must remain sealed. See, e.g., Zapp v. Zhenli Ye Gon, 746 F. Supp. 2d 145, 151 (D.D.C. 2010) (explaining that factor six favors disclosure of exhibits submitted to the court with the intent that the court will rely on them in adjudicating a dispute).

In an attempt to rebut the strong presumption of public access, defendants contend that the disputed exhibits are not yet publicly available. See Defs.' Rule 26 Sealing Reply at 8 n.4. That may be so. But because "the second Hubbard factor is neutral where there has been no previous access" to a disputed exhibit, Am. Prof'l Agency v. NASW Assurance Servs., 121 F. Supp. 3d 21, 24 (D.D.C. 2013) (internal quotation marks omitted), that observation gains defendants little traction.

Defendants' strongest arguments relate to factors three, four, and five. See Am. Prof'l Agency, 121 F. Supp. 3d at 25 (noting that Hubbard factors three, four, and five are interrelated). In short, defendants contend that the 1999 Settlement Agreements and a follow-on Confidentiality Agreement from 2002 require that all documents related to the arbitration remain under seal. See Defs.' Rule 26 Sealing Reply at 1–2. For many years, Grynberg agreed. And various courts— including this one—have previously entered sealing orders upon the parties' request. Now, defendants argue, Grynberg is attempting to reverse course, in violation of the parties' agreements and several court orders—all to the prejudice of defendants.

At the end of the day, however, defendants have failed to explain what prejudice would result from the disclosure of these exhibits. Defendants contend that disclosure would violate the terms of their settlement and confidentiality agreements. Even if that were true, it would not suffice to carry defendants' burden. Although confidentiality agreements between private parties may weigh against disclosure, they do not dictate whether documents can be filed under seal. See,

e.g., In re Fort Totten Metrorail Cases, 960 F. Supp. 2d 2, 9–11 (D.D.C. 2013) (ordering disclosure even though confidentiality agreements weighed against it). In any event, it is unclear whether the settlement and confidentiality agreements here actually protect the disputed exhibits from disclosure. Those agreements protect "Confidential Information," which is defined to include various categories of commercial information.[4] Insofar as the agreements restrict public access to sensitive commercial information, they are consistent with D.C. Circuit precedent regarding the sealing of "business information that might harm a litigant's competitive standing." See Hubbard, 650 F.2d at 315 (internal quotation marks omitted). Defendants, however, have not explained what material in the disputed exhibits falls within that category. That failure also undermines their claim to prejudice. Defendants repeatedly state that disclosure would be "per se prejudicial" to their interests. See, e.g., Defs.' Rule 26 Sealing Reply at 8 n.4. Perhaps the Court would agree if the material subject to disclosure was confidential business information. But again, defendants have barely tried to show that is the case. Nor have they articulated an alternate theory of prejudice. Such "vague assertions" of prejudice do not convince the Court that the disputed documents should be sealed. See Am. Prof'l Agency, 121 F. Supp. 3d at 25. When all is said and done, then, all the defendants have is their agreements.[5] And to the extent the agreements apply here at all, they are outweighed by other factors favoring disclosure—most importantly, the absence of prejudice.

For the foregoing reasons, defendants have failed to rebut the "strong presumption" in favor of public access to judicial proceedings. EEOC, 98 F.3d at 1409. The disputed exhibits

---

[4] The Confidentiality Agreement similarly protects "Produced Information," defined as "Confidential Information" produced in connection with the arbitration.

[5] The Court has considered, as a matter of "comity," that some of the disputed exhibits may be subject to prior sealing orders by the New York Supreme Court and U.S. Court of Appeals for the Fifth Circuit. See Hubbard, 650 F.2d at 297 n.6. But those orders from other jurisdictions cannot relieve the Court of its obligation to apply the Hubbard factors, which are binding D.C. Circuit precedent. And in any event, the Court doubts that the Fifth Circuit panel, which prodded the parties into unsealing some parts of the record before it, would be distressed by this Court's resolution of this motion. See Defs.' Rule 26 Sealing Reply at 6–7.

must therefore be unsealed and filed on the public docket.  The Court is aware that defendants would also like to seal some of the exhibits that Grynberg has filed publicly in connection with his Rule 60 motion and reply.  <u>See</u> Defs.' Rule 60 Sealing Reply [ECF No. 140] at 8.  But much of the preceding analysis applies to these exhibits as well.  The Court relied on several of those documents in its opinion denying Grynberg's Rule 60 motion.  It is unclear which, if any, of the documents properly fall within the ambit of the settlement and confidentiality agreements.  And defendants have failed to articulate a cogent theory of prejudice.  Plus, at this point, the documents attached to Grynberg's Rule 60 motion and reply have been available on the public docket for several months.  Given all these factors, the Court declines to try to force the genie back into the bottle, and hence defendants' motion to seal exhibits attached to Grynberg's Rule 60 motion and reply is denied as well.

A separate Order has issued on this date.

_____/s/_____
JOHN D. BATES
United States District Judge

Dated: <u>September 8, 2016</u>